THE PEOPLE, EX REL. GEORGE W. BENNETT, v. THOMAS BENFIELD.

*Public officers—Bonds—Failure of sureties to justify—Township drain commissioner—Vacancy—Appointment by township board.*

1. The failure of the sureties upon a township drain commissioner's bond to justify, pursuant to Act No. 179, Laws of 1885, does not necessarily create a vacancy in the office, said bond having been approved and the proper oath of office having been filed.
2. The office of a township drain commissioner, who has exercised his duties for a year and a half without question, under the oath of office and bond filed by him, cannot be declared vacant by the township board on account of the failure of his sureties to justify, without notice to such officer, and an opportunity to file a new bond with the proper justification. *McGregor v. Supervisors*, 37 Mich. 388.
3. The following propositions are summarized from the opinion of Mr. Justice MORSE:

  *a*—Act No. 179, Laws of 1885, requiring sureties upon official

bonds to justify, does not, in terms, make such justification a condition precedent to the entry of the principal upon the discharge of the duties of his office.

c—The courts generally hold that, even though the statute expressly provides that upon a failure to give a bond within the time prescribed the office shall be deemed vacant, and may be filled by appointment, the default is a ground for forfeiture only, and not a forfeiture *ipso facto*, and that if, notwithstanding such default, the state or other power sees fit to excuse the delinquency by granting the officer his commission, the defects of his title are cured, and it is a title *de jure*, having relation back to the time of his election or appointment. Mechem, Pub. Off. § 266.

*Quo warranto.* Argued April 11, 1890. Decided April 18, 1890.

Proceedings by *quo warranto* to test the right of the respondent to hold the office of township drain commissioner. Elective term of relator having expired, he recovers a judgment for costs only. The facts are stated in the opinion.

*L. R. Peirson* and *Grant Fellows,* for relator.

*Watts & Smith,* for respondent.

MORSE, J. Bennett was duly elected township drain commissioner of the township of Hudson at the annual township meeting in April, 1888. His term was for two years. Five days after the election, he filed with the township clerk a bond, correct in form, as required by law, in the penal sum of $1,000, with two sureties, which bond was approved by the supervisor. He also filed the oath of office required by the Constitution of this State. He continued to hold and exercise the office until September 17, 1889. On the last-named day the township board, without any notice to him, declared the office of township drain commissioner vacant, and on the same day appointed the respondent such commissioner, to fill such

vacancy, who thereupon took possession of the office, and acted as such commissioner. September 27, 1889, the Attorney General instituted proceedings in this Court, by *quo warranto*, upon the relation of Bennett, to test the title of respondent to the office.

The case is here, issue being joined upon plea and replication; and, although the term for which relator was elected has expired, we consider the question raised of sufficient public importance to be entertained and passed upon.

Issue was joined in time to notice the case for the January term, 1890, of this Court, and it was upon the calendar for that term. No objection was made to the entertaining of the proceedings in this Court until the day of argument; and we shall, therefore, consider the case as if none had ever been made, as the objection only relates to the propriety of the proceedings being instituted in the circuit court, rather than here. While that court, as we have before intimated in other cases of like nature, would have been a more appropriate tribunal to determine the right of relator to the office, still this Court has jurisdiction in the case, and, under the circumstances, will exercise it.

The bond filed by the relator and approved by the supervisor did not have indorsed upon it any justification of the sureties, as provided by Act No. 179, Laws of 1885. This statute provides that—

"No bond required by law to be signed by surety or sureties shall hereafter be received and accepted or approved by any officer or other person or board, whose duty it is or may be to accept or approve of any such bond, unless the surety or sureties signing such bond shall first have justified their pecuniary responsibility, under their signature, in writing, indorsed on said bond or attached theteto."

Such justification must, in the aggregate, equal the

penal sum of the bond, and show that the sureties are worth, in unincumbered property not exempt from execution, such penal sum, after payment of all just debts, claims, and liabilities.    The oath of justification must be administered by some person having authority in law to do so; and a person knowingly or willfully making any false statement of his pecuniary responsibility in such justification may be convicted of perjury, and punished therefor.

The last section of the act reads as follows:

" Any person or persons receiving and accepting or approving any such bond without such justification shall be guilty of a misdemeanor, and shall further be liable for all damages that may be sustained or incurred by any person by reason of such defective bond being accepted or approved."

The bond filed by relator shows no attempt of justification of the sureties upon it, nor was any justification attached to it.    The respondent claims that, by this failure to comply with the statute, no proper bond was ever filed or approved, and the relator, therefore, never became lawfully invested with the office, and was a usurper from the beginning, and that a vacancy was not in fact created by the township board, but existed from the time of the election, in April, 1888, and the board only exercised a lawful power in filling the vacancy by the appointment of respondent, and that no notice of such proceeding was necessary to relator who had no rights in the premises.

Whenever a vacancy occurs in the office of drain commissioner of a township, it is conceded that it is the duty of the township board to fill it by appointment.    Act No. 227, Laws of 1885, chap. 2, § 1.    It is also provided by the same section that, before entering upon the duties of his office and within ten days after his election or appointment, such drain commissioner shall take and sub-

scribe the oath of office prescribed by the Constitution of this State, and file the same with the township clerk.

"He shall also, within the same time, execute and file with such clerk a bond to the township, in the penal sum of one thousand dollars, with two or more sureties, to be approved by the supervisor or clerk, conditioned upon the faithful discharge of the duties of his office."

We do not think there was necessarily a vacancy in the office. The relator complied with the statute above quoted, and his bond was approved. The statute requiring a justification of the sureties does not, in terms, make such justification a condition precedent to the entering upon the duties of the office by the person duly elected to it; and it seems that the Legislature preferred to punish the person or persons approving a bond without such justification, rather than to work a forfeiture of the office by the failure of such justification.

No doubt, if the relator had been called upon by the township board to file a new bond in conformity with the statute, and had refused or neglected to do so after such notice, he could have been divested of his office by the proper authorities. But the courts generally hold that, even though the statute expressly provides that upon a failure to give a bond within the time prescribed the office shall be deemed vacant, and may be filled by appointment, the default is a ground for forfeiture only, and not a forfeiture *ipso facto*, and that if, notwithstanding this default, the State or other power sees fit to excuse the delinquency by granting the officer his commission, the defects of his title are cured, and it is a title *de jure*, having relation back to the time of his election or appointment. Mechem, Pub. Off. § 266.

In this case there is no express provision that upon the failure of the statutory justification the office shall be deemed vacant; and the bond given was filed and

approved in time, and was perfect in every respect except the justification. The bond filed was one capable of enforcement, and neither the failure of justification, nor the approval without such justification, affected its validity as against either the principal or the sureties. *People v. Laning,* 73 Mich. 284.

After the relator had been permitted to exercise the duties of the office to which he was elected for a year and a- half, without any question, under the oath and bond filed by him, we are all of the opinion that the office could not be declared vacant without notice to him, and without opportunity to file a new bond with the proper justification. *McGregor v. Supervisors,* 37 Mich. 388.

The relator was unlawfully deprived of his office. The elective term of the same having expired, no judgment of ouster can be entered against the respondent; but the relator is entitled to his costs. of this proceeding, and judgment will be entered therefor.

The other Justices concurred.