## King v. Katterjohn, et al.

(Decided January 10, 1922.)

### Appeal from McCracken Circuit Court.

1. Municipal Corporations—Publication of Ordinance.—The term used in section 3069, Kentucky Statutes, "for at least two weeks just preceding the election" requires a publication of the ordinance in each issue of the official newspaper published during the prescribed period.

2. Municipal Corporations—Indebtedness—Ordinance.—Under section 3069, Kentucky Statutes, the ordinance submitting to the voters the question of incurriing an indebtedness is not required to contain a statement of what rate of taxation will be necessary during the life of the bonds to raise a fund to pay the interest and for a sinking fund, but the amounts necessary for those purposes for each year must be stated.

3. Municipal Corporations—Ordinance—Indebtedness.—Under section 3069, Kentucky Statutes, the ordinance submitting to the voters a question of creating a debt, need not contain a statement of the value of the property assessable for taxation nor the then indebtedness of the corporation, so as to show that the creation of the proposed debt will not be violative of section 158 of the Constitution.

A. E. BOYD for appellant.

ROSCOE REED for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming.

Paducah is a municipal corporation of the second class. Three sewer districts have heretofore been properly established in it by ordinances of the city—the three embracing in their boundaries the entire city, and designated as Nos. 1, 2 and 3, respectively. Sewers have heretofore been constructed in districts Nos. 1 and 2, but No. 3 is yet without sewerage facilities. No. 3 has also by ordinance been subdivided into districts a, b and c. To complete the necessary sewerage for the entire city, in the opinion of the board of commissioners, it was necessary for the city to incur an indebtedness for the construction of trunk line sewers in the subdivisions of district No. 3, in the sum of $600,000.00, the payment of which would exceed the income and revenues provided for the city for the year, and thereupon the board of commissioners, the city having theretofore adopted the commission form of government, on the 19th day of September, 1921, enacted an ordinance which submitted to the voters of the city, at the regular election to be held on November 8th, 1921, the question of whether or not the city should be authorized to issue and sell its bonds in the sum of $600,000.00, the proceeds to be expended in constructing trunk line sewers in each of the subdivisions, a, b and c, of sewer district No. 3, so as to provide adequate sewerage for the entire city. At the election more than two-thirds of the voters who voted at the election held upon the proposi-

tion to incur the indebtedness, cast their votes in favor of authorizing the city to incur the indebtedness. Thereafter the board of commissioners adopted an ordinance providing for the mode of creating the indebtedness and paying the same, and was preparing to issue and sell the bonds of the city in pursuance to the ordinances and election, when the appellant, by this action, sought to enjoin, permanently, the issue and sale of the bonds. A general demurrer was sustained to his petition which was thereupon dismissed, and from the judgment he has appealed.

(a) It is suggested that the election authorizing the incurrence of the indebtedness did not give such authority, and is invalid for the reason that the ordinance which authorized the election was not published prior to the election as required by the statute. The statute controlling publication of the ordinance is section 3069, Kentucky Statutes, and the provision of it, pertinent to the question under consideration, is as follows:

"Such ordinance shall be published for at least two weeks just preceding the election in the official newspaper in and for such city, or by posting written or printed copies thereof in three or more public places in such city, if there be no such official newspaper."

There was an official newspaper for the city, and the petition avers that the ordinance was published in it in the issues of the 18th, 19th, 20th, 21st, 22nd, 23rd, 25th, 26th, 27th, 28th, 29th and 30th days of October and on the 1st, 2nd, 3rd, 4th, 5th and 6th days of November, respectively, and the election was held thereafter on the 8th day of November. The election occurred on Tuesday, and if a week as a period of time within the meaning of the statute means seven days just before the election, and two weeks means fourteen days just preceding the election regardless of the day upon which the commencement of the week is counted to begin, and therefore on a preceding Tuesday, the ordinance was published in the issue of each day, and except Monday the 24th and Monday the 31st of October, except Monday, November 7th, for three weeks preceding the election. If the two weeks "just preceding the election" means the two calendar weeks theretofore each beginning on Sunday and ending at the termination of the following Saturday, then the ordinance was published for the two weeks "just preceding the election" on each of the days of the two weeks, except

Monday the 24th and Monday the 31st of October. It has, heretofore, been held that the provision of the statute, *supra,* which provides for a publication of the ordinance, where an official newspaper exists, ''for at least two weeks just preceding the election'' means a publication of the ordinance in every issue of the paper during the prescribed period, except upon Sundays, but if there is a day during the period upon which the paper is not accustomed to be published, the omission of the publication upon that day does not invalidate the requisite publication. Hatfield v. City of Covington, 177 Ky. 124. Sunday is not a juridical day and its publication upon that day neither adds to nor takes from the validity of the publication. Ormsby v. Louisville, 79 Ky. 197. It is admitted, however, that the official newspaper for the city of Paducah is published every day in the week, except Monday, but on that day it is not published, hence in this case, however the term ''for at least two weeks just preceding the election'' is calculated, the publication was a substantial compliance with the statute, having been published in every issue of the official newspaper during the prescribed period.

(b) It is further insisted that the ordinance providing for the election is invalid, and consequently the election thereunder is void, because the ordinance did not fix nor state the tax rate which would be levied during the forty years required to liquidate the bonds, to pay the interest upon the bonds, and to create a sinking fund with which to pay the principal. The ordinance stated the amount of the proposed indebtedness to be $600,000.00 and to be evidenced by 600 bonds of one thousand dollars each, bearing interest at 5% per annum, and payable within forty years; the amount stated to be necessary to pay the interest on the bonds each year was $30,000.00, and the amount to be raised for a sinking fund each year was not to be in excess of $15,000.00. It thus appeared that the debt was not to be created without a provision for raising a sum necessary to pay the interest on the bonds and to create a sinking fund sufficient to liquidate the principal, within the life of the bonds, and was not therefore contrary to that requirement in section 157 of the Constitution. Furthermore the ordinance seems to fully comply with the statute which is as follows:

"Such ordinance shall specify the amount of indebtedness proposed to be incurred, the purpose or purposes of the same, and the amount of money necessary to be raised annually by taxation for the interest and sinking fund as herein provided." Section 3069, *supra.* City of Covington, ex Parte, 160 Ky. 146. Suffice it to say that the statute does not require the ordinance to fix the tax rate that will be levied, besides that would seem to be an impossibility.

(c)   Neither does there appear to be any merit in the contention that the ordinance fails to set out with sufficient definiteness the purpose for which the indebtedness was proposed to be incurred.

(d)   The objection that the ordinance should have stated the value of the property in the city, as assessed for taxation, and the present indebtedness of the corporation, so as to have shown that if the proposed indebtedness was incurred, it would not violate the constitutional provision, prohibiting a city of the second class from becoming indebted in the aggregate, an amount exceeding ten per centum of the value of the taxable property therein, is not meritorious. Section 3069, *supra,* which indicates what the ordinance shall contain does not require it to contain any statement of the value of the taxable property of the city, nor of its then indebtedness, and if such a statement was contained in the ordinance, it would not affect the validity of the election, since its incorporation in the ordinance, would have no influence upon the determination of the question as to whether the assumption of the proposed indebtedness was beyond or within the delegated powers of the city, as limited by section 158 of the Constitution. If that provision of the Constitution was attempted to be violated by the incurrence of indebtedness, such an attempt would be held to be void, regardless of any statement which the ordinance made pertaining to that question. The board of commissioners, in proposing the incurrence of an indebtedness, is presumed to be acting within its authority, and if one would show its action to be violative of the Constitution, it is the duty to exhibit such facts as will demonstrate it. Bosworth v. City of Middlesboro, 190 Ky. 253. The plaintiff, however, does not here even allege that the incurrence of the proposed debt by the city would be violative of section 158 of the Constitution.

The judgment is therefore affirmed.