COUNTY OF BAY *v.* HAND.

1. Municipal Corporations—Resolution Providing for Submission of Bond Issue—Statutes—Validity of Bonds.

Unnecessary wording referring to tax rate in resolution adopted by board of supervisors pursuant to 1 Comp. Laws 1929, §§ 2347, 2348, providing for submission to electors of proposal to issue bonds for construction of courthouse, which was in nature of estimate and did not amount to constructive fraud, did not have effect of invalidating bonds; record showing conclusively that no one was misled thereby.

2. Same—Elections—Contents of Ballot—Bond Issue.

Ballot in usual form submitting to electors question of issue of bonds for construction of courthouse was sufficient, although it did not contain whole resolution adopted by board of supervisors for approval (1 Comp. Laws 1929, § 2348).

3. Same—Irregularities—Posting Notice—Time.

Irregularities in not publishing and posting notice of election on question of issue of bonds for construction of courthouse for full time required by law, *held,* not fatal to validity of bonds, where wide publicity was given to said election, and record is to effect that said irregularities were without prejudice.

Appeal from Bay; Collingwood (Charles B.), J., presiding. Submitted January 29, 1932. (Docket No. 221, Calendar No. 36,325.) Decided March 2, 1932.

Bill by County of Bay against Gilbert W. Hand and others under declaratory judgment law (3 Comp. Laws 1929, §§ 13903–13909), to determine validity of proposed bond issue for construction of courthouse. From decree sustaining validity defendants appeal. Affirmed.

*George P. Weadock* (*Clark & Henry,* of counsel), for plaintiff.

*Gilbert W. Hand,* for defendants.

CLARK, C. J.     This proceeding presents for determination the legality of bonds proposed to be issued by the county of Bay in the sum of $375,000 for the purpose of constructing a courthouse. The question was submitted to the electors at the regular spring election in April, 1931, and was carried by a vote of 10,781 for and 3,889 against.

The decision of the trial judge, Hon. Charles B. Collingwood of the Ingham circuit, sitting in Bay, sustained validity, and decree followed accordingly. Defendants have appealed.

Pursuant to statute, Act No. 118, Pub. Acts 1923, as amended, 1 Comp. Laws 1929, §§ 2347, 2348, the board of supervisors, on January 24, 1931, adopted resolution of expediency containing essential requirements. It also contained matter criticized as not essential, and this presents the first question. We quote the matter from the resolution:

"Resolved, further, that a tax of one-half mill on the assessed valuation of Bay county be levied in the years 1938 to 1944, inclusive, for the purpose of paying the principal and interest on the bonds herein provided for; and

"Resolved, further, that the tax of one-half mill on the assessed valuation of this county now in effect under Act No. 14, of the Public Acts of the Extra Session of the legislature of Michigan for 1926 (1 Comp. Laws 1929, §§ 1256–1259), be likewise used for that purpose."

The county, in 1926, had put into effect a plan of levying a tax of one-half mill for a period of ten years to accumulate a fund for building a court-

house, and, at the time of the proposed bonding, there was nearly $160,000 in the fund. It was proposed by the quoted matter to continue such levy for the ten-year period and for the further period stated, and to use the money in payment of principal and interest on the bonds.

There is no question of the good faith of the supervisors. The statute of the time, 1 Comp. Laws 1929, § 2694, provided:

"Whenever any money shall be borrowed by any municipality it shall be the duty of every officer or official body charged with any duty in connection with the determination of the amount of taxes to be raised or with the levying of such taxes, to include in the amount of taxes levied each year an amount sufficient to pay the annual interest on all such loans, any instalments of the principal thereof falling due before the time of the following tax collection and all payments required to be made to sinking funds." (Municipality defined, 1 Comp. Laws 1929, § 2690.)

It is not contended that the matter quoted from the resolution has any force against the statute. Statement of tax rate was not required, and it is and has been held impossible to state it. *King* v. *Katterjohn,* 193 Ky. 359 (236 S. W. 250).

It is contended that the quoted matter is a representation to the electors of the amount or rate of tax and is constructive fraud. We think it should not be so construed. Everyone knew that money borrowed must be repaid, with interest. Everyone knew that, if the proposed plan of the supervisors proved insufficient, the debt must, nevertheless, be paid. The resolution is not a contract. It cannot be given actual or legal effect of a representation of amount or rate of tax. It could not have been intended as a limitation and it is not one, but it was an

estimate in the nature of an inducement. The arithmetic underlying the estimate is in the record, and, barring accident, miscarriage, calamity, and the like, it might, if it could be followed, prove approximately true. But it is uncontroverted that the voters understood it as an estimate, and that, in any event, the debt would have to be paid. The record is wholly to the effect that, by the matter quoted from the resolution, no one was misled.

In *State, ex rel. Utah Savings & Trust Co.,* v. *Salt Lake City,* 35 Utah, 25 (99 Pac. 255, 18 Ann. Cas. 1130), the proposal for bonding submitted to the voters contained unnecessary matter, that the net revenues of the water system be set apart as a fund for the payment of the bonds. In holding the bonds valid, the court said:

"In view of the foregoing, we are of the opinion that the statement contained in the notice did not amount to a misrepresentation. It certainly was not a misrepresentation of an existing fact. The statement was simply a proposition made by the city council upon a subject upon which it had no right to speak, because the statute determined what should be done. If it was a misrepresentation at all, it was in the nature of a misrepresentation with regard to the law and not with regard to a fact. The statement may, therefore, be considered as a mere surplusage and harmless. That similar statements in submitting questions to be voted for have been held mere surplusage, is illustrated by the following cases: *City of Santa Barbara* v. *Davis,* 6 Cal. App. 342 (92 Pac. 308); *Hamilton* v. *Village of Detroit,* 83 Minn. 119 (85 N. W. 933); *City of Cheyenne* v. *State,* 17 Wyo. 90 (96 Pac. 244); *Yesler* v. *City of Seattle,* 1 Wash. 308 (25 Pac. 1014).

"But if we should assume that the statement was in the nature of an inducement to the voters of which

they may complain, then it constitutes what is termed an irregularity. It certainly cannot be said to be more than this. And as we have seen, it is not a matter that could have been submitted to a vote or voted upon at the election. Nor was it an irregularity in the proceedings, either before or at the election. It, therefore, was a matter which, if it had any effect at all, must be considered in the nature of an inducement to the voters to vote for the bonds. But there is no allegation or intimation even that any of the voters were in fact induced to vote for the bonds that otherwise would not have voted for them. Can an election be declared illegal because of some irregularity which it is not claimed affected the result thereof? The mere allegation that an irregularity occurred is not sufficient to authorize a court to declare the election illegal. If the matter complained of were one which in a sense were jurisdictional—that is, which went to the right of holding the election, or to its legality—the case might be different.''

In *Yesler* v. *City of Seattle, supra,* the proposal for bonding submitted contained unnecessary matter as to rate of interest, sale, and par, etc., and it was held, quoting syllabus (25 Pac. 1014):

''The fact that the ordinance submitted to the voters fixed the rate of interest for the bonds, and their place of payment, and provided for their sale at par, does not form an unchangeable rule under which the council must negotiate the bonds; and the actual negotiation of the bonds at a higher rate of interest than provided for in the ordinance will not be restrained at the suit of a taxpayer, where the mayor and council have acted in good faith, and have been unable to negotiate them at the rate originally fixed.''

In *State, ex rel. Kansas City,* v. *Smith,* 302 Mo. 594 (259 S. W. 1060), the common council of the

city of Kansas City, in submitting a proposal to bond, included unnecessary matter, a resolution of an illegal water commission giving reasons for ordering bond issue, held, bonds not thereby invalidated.

The bonds in the case at bar are not invalid for the reason urged.

The ballot was in form usual in such cases. *Wightman* v. *Village of Tecumseh,* 157 Mich. 326; 1 Comp. Laws 1929, § 2356.

The statute, 1 Comp. Laws 1929, § 2348, provides:

"The resolution of the board of supervisors shall contain a proviso that it shall not become effective or binding upon the county until it shall be approved by a majority of the electors voting at an election to be designated. The board of supervisors may submit the question of the issue and sale of said bonds at any regular election held under the general laws of the State of Michigan at which the electors of the entire county vote, or it may designate a special election to be called by the county clerk by direction of said board of supervisors for the purpose of submitting to the electors the question of issuing said bonds. The board of supervisors may call a special election for the purposes of this act upon a date coincident with any local or municipal election or primary election for any portion of the county."

The first sentence of the section speaks of approval by the electors of the resolution. It is contended, therefore, that the resolution should have been submitted for approval. The next sentence provides of submitting "the question" at an election. The requirement is to submit "the question." We think the legislature did not intend to load the ballot with the whole resolution for approval. Rather, it intended to submit "the question" for

the usual yes and no vote. A resolution, in substance as provided by the statute, is approved, when the question it presents has had favorable action by the electors. In this regard we find sufficient and substantial compliance with the law. *Thomas* v. *Kent Circuit Judge,* 116 Mich. 106.

Lastly, invalidity is urged in that the notices of election were not published and posted as required by law. There was publishing and there was posting, but not for full time as required. It is to be noted that the question was submitted at the general spring election. The electors had full notice of that election. *State* v. *Carroll,* 17 R. I. 591 (24 Atl. 835). The notice here would serve the purpose of informing electors of the question to be then and there voted upon. The record is wholly to the effect that the matter was given widest publicity by public discussion throughout the county and by the press and otherwise, and is likewise to the effect that the irregularities were without prejudice, and they will, therefore, be held not fatal to validity of bonds. *City Commission of Jackson* v. *Hirschman,* 253 Mich. 596.

The bonds are valid.

Affirmed. No costs.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.