FULTON TOWNSHIP SCHOOL DISTRICT, GRATIOT COUNTY, *v.* SCHOOL DISTRICT NO. 4 FRACTIONAL, ESSEX TOWNSHIP, CLINTON COUNTY.

1. MANDAMUS—VALIDITY OF ORGANIZATION OF SCHOOL DISTRICT.
   The matter of validity of proceedings whereby the organization of a township school district is effected may not be raised in mandamus case to compel defendant district to turn over assets to plaintiff; information in nature of quo warranto being the proper proceeding (3 Comp. Laws 1929, § 15299).

2. SAME—ANNEXATION OF SCHOOL DISTRICT.
   In mandamus case by newly-organized township school district to compel defendant school district to turn over assets of plaintiff's constituent district to plaintiff, validity of defendant's attempted annexation of such constituent district may not be considered; information in nature of quo warranto being proper proceeding (3 Comp. Laws 1929, § 15299).

3. SAME—VALIDITY OF ELECTION.
   After expiration of 30 days within which election had been held to determine whether entire township should be organized into a single township school district without steps having been taken to test validity of such election in direct proceedings for such purpose, such question may not be raised in mandamus proceeding to acquire assets of constituent district

(Comp. Laws 1929, § 7483, as last amended by Act No. 228, Pub. Acts 1931; § 15299).

4. SCHOOLS AND SCHOOL DISTRICTS—MANDAMUS—ESTOPPEL.

Township school district was not estopped from maintaining mandamus to acquire assets of constituent district where defendant district to which constituent was annexed was not ignorant of efforts to organize plaintiff, notice to turn over the assets was given constituent about a week after annexation to defendant was effected, it does not appear plaintiff was not ready to assume expenses incident to taking over constituent and plaintiff filed its petition for mandamus within 15 months from time of annexation of constituent to defendant.

5. SAME—TOWNSHIP BOARD—BOARD OF SCHOOL INSPECTORS.

Under the school code the township board of education takes the place of the former board of school inspectors and has full control over all school districts in the township (2 Comp. Laws 1929, § 7094 *et seq.*).

6. SAME—ELECTIONS—TOWNSHIP SCHOOL DISTRICT.

Constituent school districts may not, by action taken by voters therein, veto action of majority of all voters in a township on question of establishment of a township school district (2 Comp. Laws 1929, § 7135, as last amended by Act No. 333, Pub. Acts 1939).

7. SAME—TOWNSHIP SCHOOL DISTRICT—CONSENT OF CONSTITUENT DISTRICT.

On organization of an entire township into a single school district by majority vote of the school electors of the township, a primary school district may be compelled to become consolidated therewith without its consent (2 Comp. Laws 1929, § 7135, as last amended by Act No. 333, Pub. Acts 1939).

8. SAME—TOWNSHIP SCHOOL DISTRICT—IRREGULARITIES IN ORGANIZATION—RECORD.

Defects in proceedings to organize an entire township into a single school district, which consisted of failures, as distinguished from refusals, on part of officers of some constituent districts to make a public record of certain action taken at meetings as directed by statute or to take certain action within time prescribed by statute, constituted merely failure to perform ministerial acts which did not render proceedings void (2 Comp. Laws 1929, § 7133; § 7135, as last amended by Act No. 333, Pub. Acts 1939, § 7393).

9. SAME—TOWNSHIP SCHOOL DISTRICT—POSTING OF NOTICES OF
ELECTION FOR ORGANIZATION.

Statute relating to election on question of organizing entire
township into a single school district, wherein it is required
that notice be posted "in at least five public places in the
township and at least one notice in each organized school dis-
trict in the township," was complied with by posting of a
notice of election in each of the eight constituent districts
(2 Comp. Laws 1929, § 7136).

10. COSTS—MANDAMUS—PUBLIC QUESTION—TOWNSHIP SCHOOL DIS-
TRICT ORGANIZATION.

No costs are allowed in mandamus action to compel defendant
school district to turn over assets of school district annexed
to it which was a constituent of plaintiff township school
district, a public question being involved.

Appeal from Clinton; Searl (Kelly S.), J. Sub-
mitted June 16, 1942. (Calendar No. 41,893.) De-
cided September 8, 1942.

Petition by Fulton Township School District,
Gratiot County, for a writ of mandamus to compel
School District No. 4 Fractional, Essex Township,
Clinton County, to turn over the property, books,
records and assets of former Fulton Township
School District No. 4. Writ granted. Defendants
review by appeal in the nature of certiorari. Af-
firmed and remanded for further proceedings.

*Thrun & Thrun,* for plaintiff.

*Charles H. Goggin* and *Edward W. Fehling,* for
defendant.

NORTH, J. Appellee, claiming to be a regularly
organized township school district under the stat-
ute, 2 Comp. Laws 1929, § 7131 (Stat. Ann. § 15.51),
filed its petition for mandamus November 13, 1940,
charging appellant with wrongfully retaining the
assets of one of appellee's constituent school dis-
tricts. Delivery of such assets is the relief sought.

It was further alleged that at the time appellee was organizing itself into a township school district, its district No. 4 of Fulton township, a primary school district, instituted and attempted to complete annexation to appellant district No. 4 fractional of Essex township; and that a primary district cannot lawfully institute and complete annexation to a district outside the township *after* proceedings to organize a township school district have been instituted and while the same are pending. Irregularities in the attempted annexation proceedings were also alleged. Appellant answered, denying any irregularities, and charged that the appellee Fulton township school district organization proceedings were jurisdictionally defective.

The late circuit judge Kelly S. Searl found that the questions as to the validity of the organization of appellee and the annexation proceedings by appellant could not properly be raised in a mandamus proceedings, but instead should have been raised by direct proceedings in quo warranto. He also held that the writ should issue since he found that a single school district should be bound by the action of a majority of all the voters in the township in creating a township school district. Appellant bases its appeal on two main grounds: one is that it has a right to raise jurisdictional defects at any time; the other is that plaintiff district delayed too long in asserting its alleged rights, and by such delay is estopped.

We quote with approval the late Judge Searl on the first issue:

"An election was held and carried by a majority of the voters in favor of a single township school district and, while there are some irregularities in the proceedings which might be fatal, in the proper proceedings, I do not think this is the proper case in which to determine those questions.

"On the other hand, plaintiff claims that there are defects and irregularities in the attempted annexation proceedings which are fatal; and also that such proceedings may not be taken by a school district to join itself to another school district while proceedings for the organization of a township school district are in progress. That question, like the other, should, in my judgment, be raised in a direct proceeding of some kind and not here.

"This election to determine whether Fulton township should be organized into one school district was a township election. No steps have ever been taken to test the validity of that election. An information in the nature of quo warranto might have been filed within 30 days after that election. 3 Comp. Laws 1929, § 15299 (Stat. Ann. § 27.2343). *Ruppert* v. *Township School District of Marion Township,* 252 Mich. 482. * * *

"The statute expressly provides for an appeal from the action of the township board in the formation or any change or consolidation of school districts. 2 Comp. Laws 1929, § 7483 as amended by Acts Nos. 54 and 228, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 7483, Stat. Ann. § 15.517). In this case no such appeal was taken within the time required by the statute or at any time; and, if the regularity of this election can now be questioned at all, it certainly cannot be done in this proceeding."

*Fractional School District No. 1 of Owosso* v. *Joint Board of School Inspectors,* 27 Mich. 3, holds that if anyone desires to contest the legality of the organization of a school district, he must proceed by quo warranto. Appellants did not institute quo warranto proceedings within the statutory period of 30 days (3 Comp. Laws 1929, § 15299); and, being barred by the statutory time limitation, appellants may not in this proceeding indirectly secure the the relief which they could not obtain in a direct proceeding by quo warranto. In this connection

see *Anderson* v. *Levin,* 218 Mich. 225; and *Clement* v. *Everest,* 29 Mich. 19.

Appellants base their defense of estoppel arising from undue delay on the part of appellee mainly on *Howell* v. *Shannon,* 130 Mich. 556, where the court held it would not set aside the action of the board of school inspectors since the consolidated school district "has been in existence for more than two years, most of which time proceedings by bill in equity to set aside the organization have been allowed to drag along in the circuit court." In the instant case the annexation occurred August 14, 1939. The mandamus action was brought against appellants November 13, 1940. In the meantime, the appellee was organizing. On August 22, 1939, notice was served on school district No. 4 of Fulton township to turn over its books to Fulton township school board. On October 18, 1940, notice was sent to appellants to turn over these assets. Appellants do not contend they were ignorant of the facts and therefore innocently incurred any expenses; nor does it appear that appellee was not ready to assume these expenses, if any, in event it was allowed to take over the rights of school district No. 4 of Fulton township. Under the circumstances we hold, as did the circuit judge, that appellee acted within reasonable time in filing its suit to obtain these assets.

We also quote with approval the late Judge Searl on the question of whether the annexation could legally occur at the time it was attempted, while Fulton township was organizing a township school district:

"The school code* is evidently made up of some old sections of the statute and some new ones, which

---

* See 2 Comp. Laws 1929, § 7094 *et seq.* (Stat. Ann. § 15.1 *et seq.*).—REPORTER.

apparently are conflicting to some extent; but a careful reading of the entire code convinces me that the legislature intended that the township board [of education?] should take the place of the old board of school inspectors and should have full control over all school districts in the township. It would be somewhat illogical to hold that a single school district or two or more school districts could, by action taken by the voters therein, veto the action of a majority of all the voters in a township on the question of the establishment of a township school district.

"It is settled that on organization of a township into a single school district by majority vote of the school electors of the township, a primary school district may be compelled to become consolidated therewith without its consent. *Fractional School District No. 1, Barry Township,* v. *Township School District of Barry Township,* 259 Mich. 75.

"Under the terms of the statute the township school district is entitled to the books and records and property of school district No. 4, and the same having been turned over to the defendant school district and demand made therefor and refused, it follows that it is the duty of the school officers of defendant school district to turn the same over to plaintiff."

Appellants stress that the circuit judge did not pass upon their contention that failure to comply with certain statutory provisions pertinent to creating a township school district rendered void the township election at which that question was submitted; and in consequence thereof the township board was without jurisdiction to proceed in matters pertaining to a township school district. Among such alleged failures to fully comply with statutory provisions are the following:

(1)  Failure of graded school districts No. 5 and No. 8 of Fulton township to spread upon the records the vote of the special school district meetings by placing a copy of such records on file in the office of the clerk of the township of Fulton, as required by 2 Comp. Laws 1929, § 7133 (Stat. Ann. § 15.53).

(2)  Failure of the boards of education of said districts respectively to consent by a majority vote to the alteration of boundaries to be made in said districts, as required by 2 Comp. Laws 1929, § 7393 (Stat. Ann. § 15.411).

(3)  Failure of said boards to make a record of such affirmative action and to place the same on file with the township clerk of Fulton township, as required by 2 Comp. Laws 1929, § 7393 (Stat. Ann. § 15.411).

(4)  Failure of the Fulton township board to order a special election within 30 days after the approval of the petition, as required by 2 Comp. Laws 1929, § 7135 (Stat. Ann. § 15.55), as amended by Acts Nos. 27, 333, Pub. Acts 1939; notwithstanding such election was ordered within the 30-day period but later postponed by action of the township board to a date subsequent to the 30-day period.

(5)  Failure of said school districts No. 5 and No. 8 to spread upon their records approval of a change in boundaries of the respective school districts and to record such approval with the Fulton township clerk as provided by 2 Comp. Laws 1929, §§ 7133, 7393 (Stat. Ann. §§ 15.53, 15.411).

We think it fairly appears from the opinion filed by the circuit judge that under the circumstances of this record he concluded the noted defects in the rather complicated proceedings requisite to organizing a township school district were mere irregularities and did not render the proceedings void; and in that conclusion we concur. Each of the

noted irregularities, insofar as the relevant statutory provisions pertain to organizing township school districts, was only a failure of a public officer to make a public record in the manner directed by statute. Failure to make such a record, as distinguished from refusal to make it, is merely a failure to perform a ministerial act.

Appellants also contend that the proceedings to establish this township school district were void by reason of failure to comply with the statutory provisions for giving notice of the township election at which there is to be submitted the question of establishing a township school district. The statute in part provides:

"Notice of such election, whether it be of a special or an annual election, shall be given by the township board by posting notices thereof * * * in at least five public places in the township and at least one notice in each organized school district in the township." 2 Comp. Laws 1929, § 7136 (Stat. Ann. § 15.156).

We are not in accord with appellants' contention that the statute requires posting a notice in each school district in the township and also an additional five notices. Instead, as the statute provides, the requirement is for posting a notice in each of the school districts and (including such notices) at least a total of five notices in the township. In the instant case a notice of the election was posted in each of the eight school districts in Fulton township. Such posting complied with the statutory requirement.

Other contentions of appellants have been considered, but we find in them no reason for modifying the order entered in the circuit court. Therefore the order of the circuit judge for the issuance of a writ of mandamus is affirmed; and the case remanded to

the circuit court for such further proceedings as may be deemed proper incident to the execution of the writ. Inasmuch as a public question is involved, no costs shall be awarded.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.