ATTORNEY GENERAL, *ex rel.* TRAHAIR, *v.* LANDEL
METROPOLITAN DISTRICT.

1. ELECTIONS—PUBLICATION OF NOTICE—SUNDAY.
   Since the publication on Sunday of notice of an election on the adoption of a charter for a metropolitan district is not forbidden by statute, the publication of the notice of such election is not rendered a nullity thereby (1 Comp. Laws 1929, § 2275 *et seq.*).

2. MUNICIPAL CORPORATIONS—INCORPORATION OF METROPOLITAN DISTRICT—TOWNSHIP BOARDS.
   Where after rejection of charter for metropolitan district by two townships, petitions of more than five per cent. of the electors in a portion of one of the townships were received and township board of other township had previously passed a resolution stating that the township desired to become a part of such a district composed of said township and all or parts of other named townships and charter was revised to cover only latter township and portion of other township and was subsequently adopted by voters in both parts of such district, proceeding initiating the district *held*, in quo warranto proceedings, not invalid because both township boards did not again pass a resolution expressing desire to become a part of the district proposed in revised charter (1 Comp. Laws 1929, § 2282).

3. ELECTIONS—SUBSTANTIAL COMPLIANCE WITH PRELIMINARY REQUIREMENTS.
   After a question has been submitted to and approved by the electors, substantial compliance with preliminary steps may be held sufficient.

4. QUO WARRANTO—SUPREME COURT—JURISDICTION—STATUTES.
   The Supreme Court had jurisdiction of question of determining validity of an election by information in the nature of quo warranto notwithstanding same was filed more than 30 days after the election was held, since statute limiting time within

which such information might be filed applies to circuit courts (Const. 1908, art. 7, § 4; 3 Comp. Laws 1929, §§ 15271, 15298, 15299).

5. SAME—JURISDICTION—SUPREME COURT—METROPOLITAN DISTRICT.

Supreme Court will entertain original jurisdiction of quo warranto proceeding to determine validity of proceedings to organize metropolitan district notwithstanding such matter might have been properly brought in circuit court, where early decision is sought to settle questions relating to taxation and bond issues (Const. 1908, art. 7, § 4; 3 Comp. Laws 1929, § 15271).

6. COSTS—QUO WARRANTO—PUBLIC QUESTION—VALIDITY OF METROPOLITAN DISTRICT.

In quo warranto proceeding to determine validity of organization of metropolitan district, no costs are allowed since questions of public nature are involved (1 Comp. Laws 1929, § 2275 *et seq.*).

Quo warranto by Eugene F. Black, Attorney General, on relation of James B. Trahair against Landel Metropolitan District, an alleged public corporation, and others to ascertain by what warrant the defendant claims to be a metropolitan district. Submitted May 23, 1947. (Docket No. 85, Calendar No. 43,742.) Writ denied June 27, 1947.

*Paul C. Younger,* for plaintiff.

*Hughes & Campbell* and *Claude J. Marshall,* for defendant.

BOYLES, J. This case involves the construction of sections 6 and 8 of Act No. 312, Pub. Acts 1929 (1 Comp. Laws 1929, § 2275 *et seq.* [Stat. Ann. § 5.2131 *et seq.*]), called the metropolitan district act, and relates to the proceedings for incorporation of a metropolitan district. Plaintiff, by leave of the attorney general, has filed in this Court an information in the nature of quo warranto to require the

defendants to show cause by what warrant the defendant Landel, Metropolitan District claims to be a body corporate and by what warrant the other defendants claim to exercise the powers and privileges of commissioners of said district.

On February 21, 1944, pursuant to section 6 of said act (1 Comp. Laws 1929, § 2280 [Stat. Ann. § 5.2136]), the township board of Lansing township, Ingham county, passed a resolution stating that the township desired to become a part of a metropolitan district composed of said township and all or parts of the townships of Delhi and Meridian in Ingham county, DeWitt township in Clinton county, Delta township in Eaton county, and the city of East Lansing in Ingham county. On March 19th the Delhi township board passed a resolution stating the desire of the township to become a part of such a district. East Lansing and the other townships did not act. Charter commissioners were appointed, and steps taken to submit a charter to the electors to form a metropolitan district composed of Lansing and Delhi townships, in accordance with section 7 of the said act. At an election on April 2, 1945, the charter was rejected by both townships. Petitions were then received from more than five per cent. of the electors of a certain part of said Delhi township, requesting that said part be included in such a district. The charter commissioners proceeded to draw up a revised charter to cover only Lansing township and said part of Delhi township. On November 5, 1946, the revised charter was submitted to the electors of the areas affected by said charter and was passed. On April 14, 1947, the present information in the nature of quo warranto was filed by the attorney general, on the relation of James B. Trahair, a resident taxpayer of Delhi township, questioning the legal existence of said district.

Plaintiff's first claim is, that the notice of the second election, though properly posted, was. published on October 13, 1946, a Sunday, was therefore invalid, and that it rendered the election a nullity. 2 Comp. Laws 1929, § 9078 (Stat. Ann. `§ 18.851), expressly forbids many acts on Sunday, including "any manner of labor, business, or work," except "works of necessity and charity."   3 Comp. Laws 1929, §14088 (Stat. Ann. § 27.755), forbids service of process on that day.   But the publishing of such notice on Sunday is not *expressly* forbidden by statute in this State and the weight of authority supports the conclusion that it is not service of process, or a judicial act as that term is generally interpreted.   The following authorities support the conclusion that publication of such notice on Sunday does not invalidate the proceedings: *Hastings* v. *Columbus* (notice of proposed street improvements), 42 Ohio St. 585; *State, ex rel. Hay,* v. *Alderson,* 49 Mont. 387 (142 Pac. 210, Ann. Cas. 1916 B, 39,); *Nixon* v. *City of Burlington* (notice of municipal contract and proposed special assessment), 141 Iowa, 316 (115 N. W. 239, 18 Ann. Cas. 1037); *Knoxville* v. *Knoxville Water Co.* (notice of ordinance), 107 Tenn. 647 (64 S. W. 1075, 61 L. R. A. 888), affirmed 189 U. S. 434 (23 Sup. Ct. 531, 47 L. Ed. 887); *City of Denver* v. *Dumars* (creation of sewer district), 33 Col. 94 (80 Pac. 114); *Barber Asphalt Paving Co.* v. *Muchenberger* (proposed paving ordinance and special assessment), 105 Mo. App. 47 (78 S. W. 280).   To these may be added *Eason* v. *Witcofskey* (notice of escheat), 29 S. C. 239 (7 S. E. 291), and *State, ex rel. Fisher,* v. *District Court,* 110 Mont. 61 (99 Pac. [2d] 211).   The latter case goes further than the question presented here, in upholding constructive service of process on Sunday, as distinguished from personal service.   Annotations

may be found at 13 A. L. R. 667, and 50 Am. Jur. § 83, pp. 866, 867. The annotations, as well as the *Knoxville* and *City of Denver Cases, supra,* specifically distinguish the cases in which a publication of notice was held to be in the nature of process.

Under the circumstances of this case the publication of the notice of election, on Sunday, does not render the proceedings a nullity.

The second question concerns the validity of the action by the commission after the first charter was rejected by the electors. Plaintiff claims invalidity in that after the election at which the first charter was rejected, the township boards did not again by resolution express their desire to become a part of the district proposed in the revised charter. It would seem unnecessary for the Lansing township board to have done so, since it had already proposed inclusion of Lansing township in a district composed of all or *parts* of the other townships. Plaintiff's contention with respect to Delhi township rests upon the provision in section 6 which authorizes the township board to act, upon the petition of five per cent. of the electors in a portion of a township. But the revision of the charter was not performed under the provisions in section 6. Rather, as defendants point out, section 8 of the act specifically authorizes the charter *commission* to revise the charter and the *area covered,* and to resubmit it to the electors of the revised areas, after an initial rejection. The action of the commission was in accordance with section 8 of the act. Plaintiff's position is further confounded by the fact that the township boards of Lansing and Delhi townships met in joint session, after the first charter was rejected by the electors, and after the petition for incorporation in a metropolitan district with Lansing

township was filed by five per cent. of the registered voters of the part of Delhi township here involved. The township boards of both townships, by resolution, then approved the formation of such a district, and requested the charter commission to resubmit the proposition, expressly approving of the formation of the defendant Landel Metropolitan District to consist of Lansing township and the proposed part of Delhi township. After the revision, both boards by resolution gave approval to the work of the commission and to the charter as revised. Under the circumstances, the proceedings to initiate the defendant Landel Metropolitan District, and the affirmative vote of the electors of said district, are not void by reason of the grounds for invalidity asserted by plaintiff.

Furthermore, after a question has been submitted to and approved by the electors, substantial compliance with the preliminary steps has often been held to be sufficient. *Thomas* v. *Kent Circuit Judge,* 116 Mich. 106; *City Commission of Jackson* v. *Hirschman,* 253 Mich. 596; *County of Bay* v. *Hand,* 257 Mich. 262; *City of Jackson* v. *Commissioner of Revenue,* 316 Mich. 694.

Defendants add a question that plaintiff's information should be dismissed for the reason it was not filed within 30 days after the election which plaintiff seeks to avoid, relying on 3 Comp. Laws 1929, §§ 15298, 15299 (Stat. Ann. §§ 27.2342, 27.2343), which provide:

"A petition may be filed in the circuit court of any county of this State whenever it shall be made to appear that material fraud or error has been committed at any election in such county at which there shall have been submitted any constitutional amendment, question, or proposition to the electors

of the State or any county, township or municipality thereof.

"Such petition shall be filed within 30 days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof. Such petition shall be filed against the municipality wherein such fraud or error is alleged to have been committed."

The cases on which defendants rely refer to proceedings started in circuit court, *Youells* v. *Morrish,* 218 Mich. 194; *Anderson* v. *Levin,* 218 Mich. 225; *Voorhies, ex rel. Bradburn,* v. *Nier,* 222 Mich. 374. See, also, *Heidelmeyer* v. *Village of Oakwood,* 222 Mich. 331; *Fulton Township School District, Gratiot County,* v. *School District No. 4 Fractional, Essex Township, Clinton County,* 302 Mich. 566; *Lake* v. *Township of North Branch,* 314 Mich. 140. None relates to original jurisdiction in this Court in quo warranto proceedings, concerning which the Michigan Constitution (1908), art. 7, § 4, provides:

"The Supreme Court shall have a general superintending control over all inferior courts; and shall have power to issue writs of error, habeas corpus, mandamus, quo warranto, procedendo and other original and remedial writs, and to hear and determine the same. In all other cases it shall have appellate jurisdiction only."

See, also, 3 Comp. Laws 1929, § 15271 (Stat. Ann. § 27.2315).

The necessity for an early decision in the instant matter is urged by the parties, to settle questions that may relate to taxation and bond issues. Under the circumstances this Court will entertain juris-

diction of the proceeding. In *People, ex rel. Bennett,*
v. *Benfield,* 80 Mich. 265, an original proceeding by
quo warranto in this Court, it was said (p. 267):

"We consider the question raised (right to office)
of sufficient public importance to be entertained and
passed upon.   *   *   *

"No objection was made to the entertaining of
the proceedings in this Court until the day of argu-
ment; and we shall, therefore, consider the case as
if none 'had ever been made, as the objection only
relates to the propriety of the proceedings being
instituted in the circuit court, rather than here.
While that court, as we have before intimated in
other cases of like nature, would have been a more
appropriate tribunal to determine the right of re-
lator to the office, still this Court has jurisdiction
in the case, and, under the circumstances, will exer-
cise it."

The writ is denied and the information dismissed,
but without costs, questions of public nature being
involved.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID,
NORTH, and DETHMERS, JJ., concurred.