ATTORNEY GENERAL, *ex rel.* REUTER, *v.* CITY OF
BAY CITY.

1. ELECTIONS—PRIMARIES.
  A primary election is not a regular election in any sense of the
  term but is merely the selection of candidates for office by
  the members of a political party in a manner having the
  form of an election.

2. MUNICIPAL CORPORATIONS—HOME-RULE CITIES—CHARTER AMEND-
  MENTS—ELECTIONS.
  The purpose of the amendment to the home-rule act relative
  to the submission of charter amendments to the electorate
  was to eliminate their submission at primary and special
  elections and require submission at a regular city or State or
  county election (CL 1948, § 117.21).

3. QUO WARRANTO—VALIDITY OF ELECTIONS.
  A writ in the nature of quo warranto is the proper writ to
  test the validity of an election (CL 1948, §§ 638.26–638.29).

4. SAME—CIRCUIT COURT—TIME FOR FILING PETITION.
  A petition for a writ in the nature of quo warranto to test the
  validity of an election must be filed within 30 days after
  the election when filed in the circuit court (CL 1948, § 638.-
  29).

5. SAME—SUPREME COURT—CONSTITUTIONAL LAW—STATUTES.
  The power to issue writs of quo warranto at any time, conferred
  upon the Supreme Court by the Constitution, cannot be lim-
  ited by statute (Const 1908, art 7, § 4; CL 1948, § 638.29).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 18 Am Jur, Elections § 148.
[2, 9] 28 Am Jur, Initiative, Referendum, and Recall § 31.
[3] 44 Am Jur, Quo Warranto §§ 16, 22, 27.
[4, 6] 44 Am Jur, Quo Warranto §§ 62, 63.
[5] 44 Am Jur, Quo Warranto §§ 4, 5.
[7, 8] 44 Am Jur, Quo Warranto §§ 73, 74, 76, 78.
[10] 14 Am Jur, Costs §§ 23, 91.

6. SAME—SUPREME COURT—TIME FOR FILING PETITION.
  Challenge to the validity of election did not come too late, where petition for writ in nature of quo warranto which might have been filed in the circuit court was filed in the Supreme Court after lapse of more than 30 days following the election (Const 1908, art 7, § 4; CL 1948, § 638.29).

7. SAME—PARTIES—ATTORNEY GENERAL.
  Fact that terms of office of members of home-rule city board of health had expired before the attorney general filed petition for writ in nature of quo warranto on their relation against city was immaterial, as statute authorized the attorney general to file an information in the nature of quo warranto either on the relation of a private party without leave or on his own relation, where it is alleged an office is being held illegally (CL 1948, § 638.1).

8. SAME—PARTIES—ATTORNEY GENERAL.
  Information in nature of quo warranto to test validity of adoption of amendment to charter of home-rule city was filed by a proper party, where filed by the attorney general on the relation of private parties (CL 1948, § 638.1).

9. MUNICIPAL CORPORATIONS—AMENDMENTS TO HOME-RULE CITY CHARTER—PRIMARY—BOARD OF HEALTH.
  Submission of proposed amendments to home-rule city charter relative to organization of city board of health at primary election was null and void, hence former provisions relating to the board remained in full force and effect (CL 1948, §§ 638.26–638.29).

10. COSTS—PUBLIC QUESTION—VALIDITY OF CHARTER AMENDMENT ELECTION.
  No costs are allowed in quo warranto proceedings to test validity of election on question of adopting amendments to home-rule city charter at primary election, a public question being involved (CL 1948, §§ 638.1, 638.26–638.29).

Quo Warranto by Frank G. Millard, Attorney General, on the relation of Clarence W. Reuter and others, against City of Bay City, a municipal corporation, and others to test the validity of an amendment to the charter relative to the organization of the city board of health. Submitted June 12, 1952. (Docket

No. 66, Calendar No. 45,433.) Writ granted September 5, 1952.

*Smith & Brooker,* for plaintiff.

*Bernard S. Frasik,* for defendants.

Butzel, J. The city of Bay City is chartered and operates under the provisions of the home-rule act (CL 1948, § 117.1 *et seq.* [Stat Ann 1949 Rev § 5.2071 *et seq.*]). Its charter, prior to the purported election hereinafter referred to, provided for a board of health composed of 5 members, 3 of whom were to be duly licensed physicians, with the power in the city commission to make such appointments.

A charter amendment providing that the board should be composed of 5 members, 1 of whom was to be a licensed physician, 1 a licensed dentist, and 1 a licensed osteopath was proposed by initiatory petition and was submitted to the electorate at a primary election on Monday, February 19, 1951, it being assumed that the amendment could be legally submitted to the electorate at such an election. Plaintiff asserts and defendants do not deny that such submission was improper for the applicable statute (PA 1947, No 87, § 21 [CL 1948, § 117.21 (Stat Ann 1949 Rev § 5.2100)]) provides for the amendment of an existing city charter originally submitted by initiatory petition to the voters *only* at a regular municipal or State election. The 1947 amendment does not so provide. A primary election is not a regular election in any sense of the term. In *Line* v. *Board of Election Canvassers of Menominee County,* 154 Mich 329 (18 LRA NS 412, 16 Ann Cas 248), we held that a primary election is merely the selection of candidates for office by the members of a political party in a manner having the form of an election. Analyzing the effect of section 21 after its 1939

amendment, in *Oakland County Drain Commissioner* v. *City of Royal Oak,* 306 Mich 124, we stated (at p 151):

"It is apparent that the amendment was intended to eliminate the submission of charter amendments at primary and special elections and to require submission at a regular city or State and county election."

Plaintiff brings quo warranto by original proceedings in this Court on the relation of 3 individual former members of the board of health of Bay City, 2 of whom are citizens of Bay City. Both parties agree that a writ in the nature of a quo warranto is the proper writ to test the validity of an election. Defendants, however, contend that the challenge to the validity of the election comes too late and was not made by the proper parties. They cite the following statutory provisions:

"An information in the nature of a quo warranto may be filed in the several circuit courts of this State, as well as in the Supreme Court, and all of the provisions of this chapter shall be applicable to such proceedings in such circuit courts, and all powers conferred upon the several judges of the Supreme Court by this chapter are hereby conferred upon the judges of the several circuit courts respectively: *Provided,* That no such information shall be filed and allowed by any such circuit court against any judge of the Supreme Court or any State officer." CL 1948, § 638.26 (Stat Ann § 27.2340).

"Informations under this chapter may be filed by the prosecuting attorney of the proper county, on his own relation, or that of any citizen of the county, without leave of the court, or, by any citizen of the county by special leave of the court or a judge thereof." CL 1948, § 638.27 (Stat Ann § 27.2341).

"A petition may be filed in the circuit court of any county of this State whenever it shall be made to

appear that material fraud or error has been committed at any election in such county at which there shall have been submitted any constitutional amendment, question, or proposition to the electors of the State or any county, township, or municipality thereof." CL 1948, § 638.28 (Stat Ann § 27.2342).

"Such petition shall be filed within 30 days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof. Such petition shall be filed against the municipality wherein such fraud or error is alleged to have been committed." CL 1948, § 638.29 (Stat Ann § 27.2343).

Had the instant petition been brought in the circuit court CL 1948, § 638.29, *supra,* would bar redress, as it was not brought therein within the 30 days provided in this section. See *Youells* v. *Morrish,* 218 Mich 194; *Anderson* v. *Levin,* 218 Mich 225; *Voorhies, ex rel. Bradburn,* v. *Nier,* 222 Mich 374; *Heidelmeyer* v. *Village of Oakwood,* 222 Mich 331; *Fulton Township School District, Gratiot County,* v. *School District No. 4 Fractional, Essex Township, Clinton County,* 302 Mich 566; *Lake* v. *Township of North Branch,* 314 Mich 140; and *Finlayson* v. *Township of West Bloomfield,* 320 Mich 350.

Plaintiff, however, chose an original proceeding in this Court and contends that the Supreme Court has the power to issue original writs at any time by reason of article 7, § 4, of the Michigan Constitution which reads:

"The Supreme Court shall have a general superintending control over all inferior courts; and shall have power to issue writs of error, habeas corpus, mandamus, quo warranto, procedendo and other original and remedial writs, and to hear and deter-

mine the same. In all other cases it shall have appellate jurisdiction only."

This power cannot be limited by statute. See *Attorney General, ex rel. Trahair,* v. *Landel Metropolitan District,* 318 Mich 376, an original proceeding in this Court, in which it was sought to challenge the election by which the defendant district was created. It was contended that the challenge came too late by reason of the 30-day proviso. We, however, stated at pp 382, 383:

"The cases on which defendants rely refer to proceedings started in circuit court. * * * None relates to original jurisdiction in this Court in quo warranto proceedings. * * *

"The necessity for an early decision in the instant matter is urged by the parties, to settle questions that may relate to taxation and bond issues. Under the circumstances this Court will entertain jurisdiction of the proceedings. In *People, ex rel. Bennett,* v. *Benfield,* 80 Mich 265, an original proceeding by quo warranto in this Court, it was said (p 267):

" 'We consider the question raised (right to office) of sufficient public importance to be entertained and passed upon.' "

Defendants attempt to distinguish the cited case by stating that plenary power is exercised only in cases when a remedy was not initially available and where substantial rights are affected as taxation, insurance of bonds, et cetera. However, an examination of the *Landel Case* reveals that the challenge there could have been properly brought in the circuit court within 30 days, even as in the instant case, and also that the Court, although speaking of taxation and bond issues, did not state that these were the *only* instances in which a question might be of sufficient public importance to warrant the Supreme Court hearing the case and intimated by the citation of *People, ex rel. Bennett,* v. *Benfield, supra,* that the

question of right to a public office might be one of those instances. It is certainly a question of very greatest importance involving the public health of the city of Bay City to have a legally constituted board of health. We find that the challenge to the validity of the election did not come too late.

Defendants, citing CL 1948, § 638.27 (Stat Ann § 27.2341), also contend that this proceeding is not brought by the proper parties in interest; that the relators, Clarence Reuter, Edwin Miller and M. J. Dardas, have no interest in the medical board, their terms thereon having expired prior to the commencement of this action. However, the attorney general, unlike the prosecuting attorney, is by CL 1948, § 638.1 (Stat Ann § 27.2315) given authority to file an information in the nature of a quo warranto on the relation of any private party without leave or on his own relation where it is alleged that an office is being held illegally, as it is here alleged. The attorney general having so acted in the instant case, the propriety of the relation is beyond question.

The case being properly before us, we hold that the submission of the proposed charter amendment to the voters at the primary election was null and void. The former charter provisions relating to the board of health of the city of Bay City, prior to the attempted amendment, herein declared void, are still in full force and effect.

Judgment will be entered accordingly; no costs, a public question being involved.

DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.