YOUELLS v. MORRISH.

1. QUO WARRANTO — LEGALITY OF SCHOOL DISTRICT — DISTRICT A NECESSARY PARTY — TIME — STATUTES.

A proceeding in the nature of *quo warranto*, under 3 Comp. Laws 1915, §§ 13551-13553, to test the validity of the election by which a rural agricultural school district was established and defendants elected trustees, should

have been brought within 30 days after the election against the school district and not against the trustees as individuals.

2. SAME—AMENDMENT—PARTIES—STATUTORY TIME.

More than 30 days having elapsed after the election, the trial judge properly refused an amendment making the school district a party, since, to have permitted the amendment would have allowed plaintiff to do by indirection what the statute inhibited him from doing directly.

Error to Genesee; Brennan (Fred W.), J.     Submitted January 10, 1922.     (Docket No. 74.)     Decided March 30, 1922.

*Quo warranto* by Harry Youells against Vern Morrish and others to determine the validity of defendants' election as school trustees.     Judgment dismissing the writ.     Plaintiff brings error.     Affirmed.

*Neithercut & Neithercut*, for appellant.

*George W. Cook*, for appellees.

FELLOWS, C. J.     Plaintiff by this proceeding in the nature of *quo warranto* seeks to have determined the validity of an election held on July 14, 1921, and purporting to be held under the provisions of Act No. 226, Pub. Acts 1917, as amended, and by which election the rural agricultural district of Swartz Creek, made up of five districts in Genesee county, was established.     Defendants are the trustees of said school district.     Plaintiff does not claim to be entitled to such office.     He does not allege in his petition that he is a taxpayer or resident of the district, although no point seems to be made of this omission.     The trial judge sustained the contention of defendants' counsel that the proceedings were not maintainable against the individual defendants, that the petition should be filed against the municipality, and, more than 30 days having elapsed after the election, declined to permit an

amendment to the petition making the municipality a party.   Judgment was thereupon entered dismissing the petition.

The legislature in passing the judicature act (Act No. 314, Pub. Acts 1915) collected with some modifications the provisions having reference to informations in the nature of *quo warranto* in chapter 38 of the act.   To the then existing provisions three sections were added; they are sections 28, 29 and 30 of this chapter (3 Comp. Laws 1915, §§ 13551, 13552 and 13553) and are as follows:

"Section 28. A petition may be filed in the circuit court of any county of this State whenever it shall be made to appear that material fraud or error has been committed at any election in such county at which there shall have been submitted any constitutional amendment, question, or proposition to the electors of the State or any county, township or municipality thereof.

"Sec. 29. Such petition shall be filed within thirty days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof.   Such petition shall be filed against the municipality wherein such fraud or error is alleged to have been committed.

"Sec. 30. After the filing of such petition the procedure shall conform as near as may be to that provided by law for informations in the nature of *quo warranto*."

The legislature by adopting these three sections, evidently intended a change in the practice; otherwise nothing was accomplished.   A reading of these new sections clearly evidences, we think, this legislative intent:   That where it is claimed there was fraud or there was error, invalidity, in an election at which any constitutional amendment, question or proposition has been voted upon, the

proceedings to test the election must be against the municipality affected by the proceedings and must be brought within 30 days after the election. The purpose of the change is clearly apparent; the municipality to be affected by the proceedings should have an opportunity to be heard, and public policy requires that there should be a speedy determination of the validity of the election before engagements are entered into by such municipality. We repeat what has heretofore been adverted to, that this is not a contest between rival claimants to an office; plaintiff makes no claim, that he is entitled to the office held by any of the defendants; his claim being that they are not entitled to hold such offices because the proceedings by which the municipal corporation was established are erroneous and invalid. To assail such proceedings he must do so in the manner pointed out by the statute.

Nor do we think the court erred in refusing plaintiff leave to amend by making the municipality a party. The application for leave to amend was made at the hearing and more than 30 days after the election. To have permitted the amendment would have allowed plaintiff to do by indirection what the statute inhibited him from doing directly.

The judgment will be affirmed.

WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.