HEIDELMEYER *v.* VILLAGE OF OAKWOOD.

QUO WARRANTO — EXCLUSIVE REMEDY TO TEST VALIDITY OF AN ELECTION—EQUITY—TRANSFER TO LAW SIDE.
    Although proceedings in the nature of *quo warranto* under 3 Comp. Laws 1915, §§ 13551-13553 is the exclusive remedy to test the validity of an election under 1 Comp.

Laws 1915, § 3309 *et seq.*, annexing territory to a municipality, on appeal from the dismissal of a bill in equity the case will be remanded to the court below with instructions to transfer it to the law side of the court under 3 Comp. Laws 1915, § 12351.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 12, 1923. (Docket No. 98.) Decided March 22, 1923.

Bill by William Heidelmeyer and others against the village of Oakwood and others to enjoin further proceedings under a special election for the annexation of certain territory to the city of Detroit. From a decree dismissing the bill, plaintiffs appeal. Reversed and remanded.

*Robert B. Murchie* and *Walker & Spalding (H. E. Spalding,* of counsel), for plaintiffs.

*Walter Barlow* and *John A. Boyne (Clarence E. Wilcox,* of counsel), for defendant city of Detroit.

FELLOWS, J. This bill in equity attacks the validity of an election held on November 8, 1921, under the provisions of section 3309 *et seq.*, 1 Comp. Laws 1915, the apparent result of which election was to annex the territory comprising the village of Oakwood to the city of Detroit. All the municipalities affected by the proceedings are made defendants together with the board of county canvassers of Wayne county. The trial judge was of the opinion that the election could not be attacked in equity, that the remedy was proceedings in the nature of *quo warranto*, and without considering the merits dismissed the bill. Plaintiffs' counsel here insist that proceedings in the nature of *quo warranto* do not furnish the exclusive remedy, that a bill in equity is maintainable, and that in any event the bill should not have been dismissed but the case should have been transferred to the law side

of the court under the provisions of section 12351, 3 Comp. Laws 1915.

Since the decision of this case in the court below this court has handed down opinions in *Youells* v. *Morrish*, 218 Mich. 194, and *Anderson* v. *Levin*, 218 Mich. 225.   In the *Youells Case* we considered the effect to be given sections 13551, 13552 and 13553, 3 Comp. Laws 1915.   In that case the proceedings were instituted seasonably but the municipality was not made a party, and we held that it could not be brought in by amendment after the statutory period had expired.   In the *Anderson Case* the proceedings were not instituted within the time limited by the statute. In the instant case the bill was filed nine days after the election and all the municipalities affected were made parties.   In the, *Youells Case* a motion for rehearing was made in which substantially the same argument was indulged in upon the question of the exclusiveness of the remedy as is here urged by plaintiffs.   The application for rehearing was denied.   In both cases, as in the instant case, the contest did not involve the claims of rival candidates to an office. Both cases held that the statutory remedy was exclusive, and we are all agreed that such should be the holding here.

My associates are all agreed that this case should be transferred to the law side of the court under the provisions of section 12351, 3 Comp. Laws 1915. With some difficulty I have been persuaded to agree with their views.   The statute is a remedial one and has frequently been applied by this court.   *Flint* v. *LeHeup*, 199 Mich. 41; *Toles* v. *Duplex Power Car Co.*, 202 Mich. 224; *Courtney* v. *Youngs*, 202 Mich. 384; *City of Iron Mountain* v. *Waterworks*, 206 Mich. 537; *VonHoene* v. *Barber*, 215 Mich. 538; *French* v. *Mulholland*, 218 Mich. 248; *Banks* v. *Wayne Circuit Judge*, 221 Mich. 147.

It follows that the decree dismissing the bill will be vacated and the case remanded to the court below with instructions to enter an order transferring the case to the law side of the court. Neither party will recover costs.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.