**VOORHIES,** *ex rel.* BRADBURN, *v.* NIER.

1. SCHOOLS AND SCHOOL DISTRICTS—VALIDITY OF ELECTION—TOWNSHIP UNIT DISTRICT—QUO WARRANTO—STATUTES.
   Proceedings in the nature of *quo warranto* under 3 Comp. Laws 1915, §§ 13551-13553, to test the validity of an election authorizing the organization of a township unit school district and the subsequent election of defendants as trustees of said district, not having been filed within 30 days after the election authorizing the organization of the district and not having been filed against the municipality, as required by section 13552, may not be maintained.

2. APPEAL AND ERROR—JURISDICTIONAL QUESTION MAY BE RAISED FOR FIRST TIME IN SUPREME COURT.
   Since a jurisdictional question may be raised at any time, it may be raised for the first time in the Supreme Court; but good practice requires that it be raised as soon as known.

Error to Wayne; Hart (Ray), J., presiding. Submitted January 3, 1923. (Docket No. 19.) Decided March 22, 1923. Rehearing denied June 21, 1923.

Proceedings in the nature of *quo warranto* by Paul W. Voorhies, prosecuting attorney, on the relation of Thomas Bradburn and another to try the title of Paul Nier and others to the office of trustees of the township school district of Van Buren township. Judgment for defendants. Plaintiff brings error. Affirmed.

*Moore & Moore* (*Henry B. Graves,* of counsel), for appellant.

*Thomas A. Conlon* and *Chester J. Morse,* for appellees.

McDONALD, J. The plaintiff filed his information in the nature of a *quo warranto* to oust the defendants, who are holding the public office of trustees of the township school district of Van Buren township, Wayne county, Michigan. The township of Van Buren contained five whole school districts and nine fractional school districts. On June 24, 1921, a special election was called for the purpose of submitting to the voters the question of organizing the township into a single school district. The vote being in favor of the proposition, the township board called another special election to be held on July 11, 1921, for the purpose of electing five trustees. At this election the defendants were elected and thereafter filed their acceptance of office with the township clerk. The information charges that both of these elections are invalid and that the defendants are unlawfully holding the offices of school trustees of the school district of the township of Van Buren, which was never legally organized. On the hearing the circuit judge determined that the election of June 24, 1921, was invalid and entered a judgment of ouster. A motion for a new trial was made. The circuit judge then vacated his former judgment of ouster and entered a judgment for the defendants. From this judgment the plaintiff brings the cause to this court on writ of error.

The record presents many interesting propositions which we do not discuss because the case must be disposed of on a question of jurisdiction. The defendants, raising the question for the first time in this court, claim that the action was not brought within the proper time nor against the proper parties, and should therefore be dismissed. The proceedings are controlled by sections 13551, 13552 and 13553, 3 Comp. Laws 1915. Section 13552 provides that the petition shall be filed within thirty days after the election and that it shall be filed against the municipality. In the

instant case it was not filed within thirty days after the election and was not filed against the municipality. For these reasons the action cannot be maintained. The case is controlled by *Youells* v. *Morrish,* 218 Mich. 194, and *Anderson* v. *Levin,* 218 Mich. 225.

It is claimed, however, that as this question was not raised in the circuit court, the defendants are precluded from raising it here. The question is jurisdictional and may be raised at any time, though good practice requires that it be raised as soon as it is known.

The judgment of the circuit court is affirmed, with costs to the defendants.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.