FINLAYSON v. TOWNSHIP OF WEST BLOOMFIELD.

1. ACTION—DECLARATION OF RIGHTS.

Under the declaratory judgment act, the existence of an actual controversy is necessary to enable the court to make a binding declaration of rights (3 Comp. Laws 1929, § 13903 et seq.).

2. SAME—SPECIAL PROCEEDING.

A proceeding under the declaratory judgment act is special, is not a substitute for regular actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable consideration (3 Comp. Laws 1929, § 13903 et seq.).

3. QUO WARRANTO—VALIDITY OF ELECTION—TIME.

The purpose of the statutory requirement that petition for quo warranto to test the validity of an election at which any constitutional amendment, question or proposition has been voted upon, be filed within 30 days after the election is to provide a

speedy determination of the validity of the election before engagements are entered into by municipality involved (3 Comp. Laws 1929, §§ 15298, 15299).

4. SAME—STATUTE OF LIMITATIONS.

Where petition for quo warranto to test validity of election at which a constitutional amendment, question or proposition has been voted upon, was not filed within 30 days after election was held, the proceeding for such relief would be barred by the statutory time limitation (3 Comp. Laws 1929, §§ 15298, 15299).

5. SAME—TESTING VALIDITY OF ELECTION—EXCLUSIVE REMEDY—DECLARATORY JUDGMENT.

The remedy for testing the validity of an election at which a constitutional amendment, question or proposition has been voted upon is exclusively by petition for quo warranto, hence such relief may not be had under the declaratory judgment act (3 Comp. Laws 1929, § 13903 et seq.; §§ 15298, 15299).

6. ACTION—DECLARATORY JUDGMENT ACT.

The declaratory judgment act was not intended to provide a substitute for regular actions.

7. TRIAL—TRANSFER OF CAUSES—DECLARATORY JUDGMENT—QUO WARRANTO.

Where suit under declaratory judgment act was not filed until after lapse of more than 30 days after election was held for determining whether or not licenses should be issued for the sale of liquor by the glass in the township, an order remanding the case for transfer and for hearing as a quo warranto action would not be permissible (3 Comp. Laws 1929, § 13903 et seq.; §§ 14008, 15298, 15299).

Appeal from Oakland; Holland (H. Russel), J. Submitted January 14, 1948.   (Docket No. 78, Calendar No. 43,975.)   Decided February 16, 1948.

Bill by John C. Finlayson and Fred H. Schied against the Township of West Bloomfield and City of Sylvan Lake for decree declaring an election held in the township was void. · Bill dismissed on motion. Plaintiffs appeal.   Affirmed.

*Robert D. Heitsch,* for plaintiffs.

*A. Floyd Blakeslee,* for Township of West Bloomfield.

*Estes & Cooney,* for City of Sylvan Lake.

CARR, J. This suit was instituted in the circuit court of Oakland county, April 25, 1947, for the purpose of obtaining a declaratory decree under the provisions of Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.* [Stat. Ann. § 27.501 *et seq.*]). The bill of complaint alleged that plaintiff Finlayson was a duly qualified elector of the defendant township and that plaintiff Schied was a duly qualified elector of the defendant city of Sylvan Lake. It was further averred that on February 20, 1947, an election was held in said township on the question whether licenses should be issued for the sale of liquor by the glass, that the proposition failed to carry by five or six votes, and that some of the residents of Sylvan Lake were permitted to take part in said election. Plaintiffs asserted that the election was in consequence void and asked that the court so decree. They also requested that the proper officers of the township be ordered to conduct a new election. However, no officers of the township were made parties defendant in the case.

The bill also alleged that on March 20, 1946, an election was held in the village of Sylvan Lake on the question of incorporation as a city, that the proposition carried, and that the report of such result was filed in the county clerk's office June 27, 1946. The bill did not allege the existence of any controversy with reference to this election, the averments apparently being incorporated in support of the claim that electors residing within the city were not entitled to participate in the township election on the question of issuing licenses for the sale of liquor by the glass. Presumably, the averments with

reference to the effectual date of the incorporation of the city were based on 1 Comp. Laws 1929, § 2249 (Stat. Ann. § 5.2092), as construed by this Court in *Dearborn Township* v. *City of Dearborn,* 308 Mich. 284.

Defendant township filed' its answer to the bill of complaint and joined with the other defendant in a motion to dismiss based on the following grounds:

"(1) Because such bill of complaint does not state a cause of action;

"(2) Because such bill of complaint does not state a cause of action cognizable in a court of equity;

"(3) Because it appears from the face of said bill of complaint that the plaintiffs' remedy, if any they have, is in a court of law;

"(4) Because the plaintiffs' bill of complaint was not filed within 30 days after February 20, 1947, the date of the election involved in this suit, as required by law, and as required by 3 Comp. Laws 1929, § 15299 (Stat. Ann. § 27.2343);

"(5) Because the plaintiffs are not entitled to maintain an action of this character in their own behalf and names without leave of court."

Following argument of the motion the trial court dismissed the bill of complaint, primarily on the ground that the action had not been seasonably brought. From such order plaintiffs have appealed.

Under the specific terms of the declaratory judgment act, above cited, the existence of an actual controversy is necessary to enable the court to make a binding declaration of rights. The interpretation and application of the statute were before this Court in *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich. 58, where it was said:

"A requisite to the proceeding is an actual controversy over a specific issue to be set up in the pleadings, in order that a binding declaration of rights may be made thereon. The proceeding is

special, is not a substitute for the regular actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable considerations. *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673 (68 A. L. R. 105); 50 A. L. R. 42; 19 A. L. R. 1124; 12 A. L. R. 52, notes.''

As before noted the only controversy alleged in the bill of complaint in the instant case had reference to the township election. Construing the pleading in its entirety it is apparent that plaintiffs desired to have this election set aside because persons not qualified to vote had been permitted to do so. The motion to dismiss and the determination thereon were clearly based on such theory. The right of the plaintiffs to maintain their action must be determined accordingly.

Defendant township averred in its answer that the election was held on January 20, 1947, rather than on February 20th, as set forth in the bill of complaint. In reply to the answer plaintiffs merely asserted that the actual date of the election was immaterial. The return to the county clerk as to the results of the election appears in the record and supports the claim of the defendant. It thus appears that over three months had elapsed following the election before plaintiffs started their suit.

On behalf of defendants it is contended that if plaintiffs desired to contest the validity of the township election they should have proceeded under the provisions of 3 Comp. Laws 1929, § 15298 (Stat. Ann. §.27.2342), which reads as follows:

''A petition may be filed in the circuit court of any county of this State whenever it shall be made to appear that material fraud or error has been committed at any election in such county at which there shall have been submitted any constitutional

amendment, question, or proposition to the electors of the State or any county, township or municipality thereof."

The next ensuing section (3 Comp. Laws 1929, § 15299 [Stat. Ann. § 27.2343]), further requires that:

"Such petition shall be filed within thirty days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof. Such petition shall be filed against the municipality wherein such fraud or error is alleged to have been committed."

With reference to these sections of the statutes it was said in *Youells v. Morrish,* 218 Mich. 194:

"A reading of these new sections clearly evidences, we think, this legislative intent: That where it is claimed there was fraud or there was error, invalidity, in an election at which any constitutional amendment, question or proposition has been voted upon, the proceedings to test the election must be against the municipality affected by the proceedings and must be brought within 30 days after the election. The purpose of the change is clearly apparent; the municipality to be affected by the proceedings should have an opportunity to be heard, and public policy requires that there should be a speedy determination of the validity of the election before engagements are entered into by such municipality."

In *Anderson v. Levin,* 218 Mich. 225, leave to file the petition was obtained from the circuit judge but it was not filed within the 30-day period following the election. It was held by this Court that the proceeding could not, for that reason, be maintained. In *Fulton Township School District, Gratiot County,*

v. *School District No. 4 Fractional, Essex Township, Clinton County,* 302 Mich. 566, plaintiff, claiming to be a regularly organized township school district, brought an action of mandamus to compel the defendant, one of its constituent school districts, to turn over certain assets. Defendant sought to question the validity of plaintiff's organization. In sustaining the holding of the trial court that defendant was not entitled to make such claim, it was said:

"Appellants did not institute quo warranto proceedings within the statutory period of 30 days (3 Comp. Laws 1929, § 15299); and, being barred by the statutory time limitation, appellants may not in this proceeding indirectly secure the relief which they could not obtain in a direct proceeding by quo warranto."

In *Lake* v. *Township of North Branch,* 314 Mich. 140, plaintiffs sought relief in equity because of alleged fraud in the conduct of an election on the question of organizing the defendant as a township school district. Quo warranto proceedings had been brought under the statute above quoted prior to the filing of the suit in equity, had been determined adversely to the moving parties, and no appeal had been taken. After quoting 3 Comp. Laws 1929, § 15298, *supra,* it was said:

"The remedy provided in this statute is exclusive and must be brought within 30 days after such election. 3 Comp. Laws 1929, § 15299 (Stat. Ann. § 27.2343); *Youells* v. *Morrish,* 218 Mich. 194, wherein it is said: 'To assail such proceedings he (the petitioner) must do so in the manner pointed out by the statute.'"

Plaintiffs' claim that they are entitled to ask for relief under the declaratory judgment act cannot be sustained. In the enactment of that statute the

legislature did not intend to provide a substitute for regular actions. *Village of Grosse Pointe Shores* v. *Ayres, supra; Evans Products Co.* v. *State Board of Escheats,* 307 Mich. 506. In the last cited case the general principles underlying the maintenance of actions for declaratory relief are summarized. Under the prior decisions of this Court above cited, plaintiffs' remedy to test the validity of the township election, if they desired to do so, was by petition in the nature of quo warranto under the provisions of the statute quoted. In order to insure a speedy determination of any controversy that might arise of the character in question the legislature deemed it expedient to require such action to be brought within 30 days following the election. This furnishes a sufficient answer to the suggestion of counsel for plaintiffs to the effect that, if relief cannot be granted under the declaratory judgment act, the case should be remanded to the circuit court with directions to transfer it to the law side for hearing as a quo warranto action.* Such procedure was followed in *Heidelmeyer* v. *Village of Oakwood,* 222 Mich. 331, but there the suit was started nine days after the election was held. In *Youells* v. *Morrish, supra,* the proceeding was brought within the time limited but the municipality was not made a party as required by the statute. It was held that it could not be brought into the case by amendment after expiration of the 30-day period. In *Anderson* v. *Levin, supra,* and in *Voorhies, ex rel. Bradburn,* v. *Nier,* 222 Mich. 374, proceedings were not started until after the expiration of the prescribed period and the orders of dismissal were sustained on that ground. For the reason that the case at bar was not instituted within 30 days after the election was

---

* See 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652).

held the conclusion follows, that plaintiffs are not entitled to have it transferred to the law side for trial.

The order of the trial court dismissing the bill of complaint is affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.