McDONALD v. JACKSON.

1. QUO WARRANTO—DISCRETION OF COURT—LEAVE TO FILE.
  Granting of leave to file complaint for writ of quo warranto, after application for action to attorney general and his subsequent refusal to act, *held*, within discretion of trial court (GCR 1963, 715).

2. SAME—DISMISSAL—DISCRETION OF TRIAL JUDGE.
  Dismissal of complaint in quo warranto by trial judge different than one granting leave to file complaint *held*, improper with-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur, Quo Warranto §§ 68–70.
[2, 3] 44 Am Jur, Quo Warranto §§ 102–104.
[4] 30A Am Jur, Judges § 44 *et seq.*

out a showing to Court of Appeals that trial judge granting leave to file complaint abused discretion (GCR 1963, 715).

3. Same—Usurpation of Public Office—Dismissal of Complaint.
   Complaint for writ of quo warranto, following plaintiffs' ouster from public office by defendants, *held*, improperly dismissed without a showing that judge, who granted leave to file complaint, abused his discretion and judge dismissing complaint gave no valid reason for setting aside order granting leave to file complaint for quo warranto (GCR 1963, 715).

4. Judges—Circuit Judges—Discretion of Court.
   Action taken by one circuit judge, which is within his discretion, may not be set aside by another circuit judge.

Appeal from Macomb; Gallagher (Edward J.), J. Submitted Division 2 April 6, 1966, at Lansing. (Docket No. 1,286.)  Decided May 11, 1966.

On leave granted, complaint in quo warranto by William McDonald and Thomas McNulty against Gerald Jackson and Joseph A. Zacharzewski for alleged usurpation of a public office. On motion, complaint dismissed. Plaintiffs appeal. Reversed and remanded.

*Kelly, Oster, Tathan & Solner* (*Craigen J. Oster,* of counsel), for plaintiffs.

*Butler & Martin* (*Kenneth F. Martin,* of counsel), for defendants.

Quinn, J. On leave granted, plaintiffs appeal from an order of Macomb county circuit court setting aside its prior order granting plaintiffs leave to file complaint in quo warranto. The issues presented by the appeal are whether the proper trial judge heard the petition to set aside the prior order granting plaintiffs leave to file complaint in quo

warranto and whether the trial court abused its discretion in setting aside the prior order.

Plaintiffs were appointed to Macomb county board of supervisors by Roseville city council in accordance with Roseville city charter about December 15, 1964, for a two-year term commencing January 1, 1965. On April 26, 1965, the council removed plaintiffs and appointed defendants to the board of supervisors. This action was confirmed at a council meeting May 3, 1965. Pursuant to GCR 1963, 715.2(3), plaintiffs requested the attorney general to file quo warranto. On his refusal so to do and pursuant to GCR 1963, 715.2(4), plaintiffs sought leave to bring the action in their own name.* Application for leave was made to Judge Gallagher. It was not acted upon before he left on vacation, so the application was referred to his alternate, Judge Noe. The latter granted leave June 28, 1965; complaint was filed, summons issued, and defendants were served. July 21, 1965, defendants petitioned to set aside the order granting leave which was heard by Judge Gallagher August 2, 1965. By written opinion filed September 13, 1965, Judge Gallagher granted the petition, set aside the order granting leave, and dismissed plaintiffs' complaint. An order pursuant to this opinion was later filed.

It is our opinion that the record does not sustain a finding that Judge Noe abused his discretion in granting leave to file complaint in quo warranto. Judge Gallagher made no finding that Judge Noe abused his discretion. Since the grant or denial of leave to file in quo warranto is discretionary by the terms of GCR 1963, 715.2(4), a showing of abuse of discretion is required before the leave granted by Judge Noe can be disturbed. In addition, Judge

---

* See GCR 1963, 715.3.—REPORTER.

Gallagher gives no valid reason for setting aside the order granting leave.

Reversed and remanded for further proceedings. Plaintiffs may recover their costs.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.