SHOEMAKER *v.* CITY OF SOUTHGATE

1. ELECTIONS—FRAUD—QUO WARRANTO—LEAVE OF COURT—STATUTES.
    An action alleging election fraud or error is an action for *quo warranto,* an extraordinary writ, which by statute and court rule can be brought by a private citizen only on leave granted (MCLA § 600.4545; GCR 1963, 715.2[2]).

2. DISMISSAL AND NONSUIT—PROCEDURAL ERROR—ELECTIONS—FRAUD —QUO WARRANTO—LEAVE OF COURT.
    Dismissal of action for election fraud brought by private citizens within the statutory 30-day period but without first obtaining leave of court on the ground that the trial judge was without power to grant leave where the hearing on defendant's motion for summary judgment and plaintiffs' request to treat the complaint as an application for leave occurred more than 30 days after the election was error where the defendant was not prejudiced by plaintiff's procedural mistake in not obtaining leave.

3. QUO WARRANTO—PRIVATE CITIZEN—LEAVE OF COURT—DISCRETION —COURT RULE.
    The granting or denying to a private citizen of leave to bring an action in *quo warranto* is, by court rule, discretionary with the trial court; consequently, remand of an action for election fraud for a determination on its merits, where its summary dismissal was error, is premature inasmuch as the trial court should first determine whether, treating the complaint as an application for leave to contest the election, it should grant the requested leave (GCR 1963, 715.2[2]).

Appeal from Wayne, Thomas Rommell, J. Submitted Division 1 May 4, 1970, at Grand Rapids. (Docket No. 7,712.) Decided June 25, 1970.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  26 Am Jur 2d, Elections §§ 127, 305, 316, 323, 357.
[2]  26 Am Jur 2d, Elections §§ 351, 357.

Complaint by Herman G. Shoemaker, Mary F. Shoemaker and Robert F. Shoemaker against the City of Southgate for election fraud. Summary judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Riebel, Oliver & Dinan,* for plaintiffs.

*Donald C. Neitzel,* for defendant.

Before: Fitzgerald, P. J., and J. H. Gillis and O'Hara,* JJ.

J. H. Gillis. J.   Plaintiffs are citizens of Southgate, Wayne County, Michigan. They opposed a proposition in defendant city's election, which was held on April 7, 1969. The proposition passed, and on May 2, 1969, plaintiffs filed a complaint in the Wayne County Circuit Court entitled "Complaint Objecting to Election", seeking to invalidate the election for fraud pursuant to MCLA § 600.4545 (Stat Ann 1962 Rev § 27A.4545). The complaint was filed without obtaining leave of the court, but within 30 days of the disputed election. Defendant moved for summary judgment, alleging plaintiffs' failure to comply with the statute by not seeking leave of the court to file the complaint. Plaintiff's answer to defendant's motion requested that the complaint be treated as an application for special leave to object to the election. The trial judge denied plaintiffs' request, reasoning that he was without power to grant special leave, since the hearing on defendant city's motion occurred more than 30 days after the disputed election. Summary judgment was entered in defendant's favor and plaintiffs appeal.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

Two questions are presented: We quote the first from defendant's brief:

"May a private citizen bring an action alleging election fraud or error without obtaining special leave of court?"

Our answer is that he may not.

An action alleging election fraud under MCLA § 600.4545 (Stat Ann 1962 Rev § 27A.4545) is an action for *quo warranto,* an extraordinary writ. See Author's Comments following GCR 1963, 715, in 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 221. And although the forms of action have been abolished in Michigan, GCR 1963, 110.3, the appropriate substantive remedy remains unaffected. See Committee Comment, GCR 1963, 110.3.

Where, as in the present case, plaintiffs seek to test the validity of an election:

"To assail such proceedings [they] must do so in the manner pointed out by the statute. *Youells v. Morrish* (1922), 218 Mich 194, 197.

The manner pointed out by the statute is as follows. We quote subparagraph (2) of § 4545 of the Revised Judicature Act (MCLA § 600.4545 [Stat Ann 1962 Rev § 27A.4545]):

"Such action shall be brought within 30 days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, *or by any citizen of the county by special leave of the court or judge thereof.* Such action shall be brought against the municipality wherein such fraud or error is alleged to have been committed." (Emphasis supplied.)

It is evident from the express language of the statute, italicized *supra,* that a private citizen must

obtain leave of the court in order to contest an election.  Only where the attorney general or the prosecutor on his own relation, or on the relation of any citizen of the proper county, institutes the action is leave unnecessary.

Our construction is in accordance with GCR 1963, 715.2(2), which provides:

"Actions by Prosecutor or Citizen.  Other actions for quo warranto shall be brought by the prosecuting attorney of the proper county, without leave of court, or by any citizen of the county *by special leave of the court or a judge thereof.*"  (Emphasis supplied.)

And see 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 236:

"Private citizens may bring actions for *quo warranto* only upon obtaining a special leave of the court."

The second issue raised on appeal is whether the trial court erred in ruling that it was without power to treat plaintiffs' complaint as an application for special leave to challenge the election.  Plaintiffs contend that defendant was not prejudiced by their failure to obtain leave of the court, since the action was brought within the 30-day period prescribed by statute.  Defendant argues that, notwithstanding the absence of actual prejudice, the trial court correctly dismissed plaintiffs' action since no application for leave was filed within 30 days of the election.  On this issue, we side with plaintiffs.

In *Heidelmeyer* v. *Village of Oakwood* (1923), 222 Mich 331, plaintiffs filed a bill in equity challenging the validity of an election.  The trial judge dismissed the bill without considering the merits; he ruled that plaintiffs' remedy was an action for *quo war-*

*ranto* and that an election could not be attacked in equity. An issue presented on appeal was whether the trial judge should have treated the bill as a proceeding in the nature of *quo warranto,* rather than dismissing outright. The Supreme Court held that the trial judge erred in dismissing the action, notwithstanding plaintiffs' failure to proceed correctly. Although in *Heidelmeyer* plaintiffs had made a mistake, the Court was of the view that the procedural error was not one affecting the substantial rights of the parties, since plaintiffs had filed their action within 30 days of the election. Compare *Finlayson* v. *Township of West Bloomfield* (1948), 320 Mich 350, 355–358.

In the present case, plaintiffs likewise filed their action within 30 days of the disputed election. Defendant does not contend that it was prejudiced because of plaintiffs' failure to secure leave of court. We hold that the trial court should have disregarded the error. *Heidelmeyer* v. *Village of Oakwood, supra;* GCR 1963, 13. Plaintiffs' complaint, although unauthorized, sought to accomplish something meaningful; it sought to guarantee the purity of elections. Under the circumstances, the trial court should have allowed plaintiffs to amend their complaint, thereby requesting leave. See Author's Comments following GCR 1963, 110.3, in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 181. The trial court erred in ruling that it had no power to do so. GCR 1963, 118.1; MCLA § 600.2301 (Stat Ann 1962 Rev § 27A.2301).

Plaintiffs request that we remand for a determination on the merits. Such relief would, at this stage, be unwarranted. The trial court must first determine whether, treating plaintiffs' complaint as an application for leave to contest the election, it should grant the requested leave. This matter rests within

the sound discretion of the trial judge, since the grant or denial of leave to file in *quo warranto* is discretionary by the terms of GCR 1963, 715.2(2). *Cf. McDonald* v. *Jackson* (1966), 3 Mich App 287.

The judgment is reversed and the case is remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

All concurred.