WILLS v IRON COUNTY BOARD OF CANVASSERS

Docket No. 121119. Submitted April 17, 1990, at Grand Rapids. Decided May 21, 1990.

Francis A. Wills brought an action in the Iron Circuit Court on July 19, 1989, against the Iron County Board of Canvassers and the West Iron County Public School District. In Count I of his complaint, plaintiff sought to challenge the results of a June 12, 1989, school millage election as certified by defendant county board of canvassers on June 20, 1989. The court, John D. Payant, J., granted summary disposition in favor of defendants on Count I, ruling that MCL 600.4545(2); MSA 27A.4545(2) requires that an action alleging election fraud or error be brought within thirty days of the date of the challenged election, and that plaintiff's claim failed to meet this requirement. Plaintiff appealed.

The Court of Appeals *held:*

Under § 4545(2), an action for election fraud or error may be brought within thirty days of the date on which the results of the challenged election are certified by either the local board of canvassers or the state board of canvassers. In this case, the trial court erred in dismissing plaintiff's claim inasmuch as the claim was filed within thirty days of the date on which the election results were certified by defendant board of canvassers.

Reversed and remanded.

ELECTIONS — FRAUD OR ERROR — ACTIONS — LIMITATION OF ACTIONS.

An action alleging election fraud or error must be brought within thirty days of the date on which the results of the challenged election are certified by either the local board of canvassers or the state board of canvassers (MCL 600.4545[2]; MSA 27A.4545[2]).

*Steward, Peterson, Sheridan & Nancarrow* (by *Paul A. Peterson*), for Francis A. Wills.

REFERENCES

Am Jur 2d, Limitations § 402; Schools § 81.

See the Index to Annotations under Bonds and Securities; Limitation of Actions; Schools and Education.

*Fisher & Omdahl* (by *Torger G. Omdahl*), for West Iron County Public School District.

Before: DOCTOROFF, P.J., and HOOD and GRIFFIN, JJ.

HOOD, J. Plaintiff appeals as of right from that portion of the August 18, 1989, judgment of the Iron Circuit Court granting defendants summary disposition as to Count I of plaintiff's complaint. Summary disposition was based upon the trial court's ruling that Count I was time-barred by MCL 600.4545(2); MSA 27A.4545(2). We reverse.

Plaintiff, Francis A. Wills, was a member of the West Iron County School Board. On June 12, 1989, voters in the West Iron County Public School District cast ballots on a school bond millage proposal. A tally of the ballots indicated that the election resulted in a tie. Consequently, the West Iron County School District Board of Education requested a recount by the county's board of canvassers. The recount commenced on June 19, 1989, and concluded June 20, 1989. On that date, the board of canvassers certified that the proposal had passed by one vote.

On July 19, 1989, thirty-seven days after the votes were cast and twenty-nine days after the election was certified, plaintiff filed a complaint against the board of education and board of canvassers. Count I of the complaint was an action sounding in quo warranto. Plaintiff also requested the court to grant him special leave to proceed with a quo warranto action pursuant to MCL 600.4545; MSA 27A.4545, which provides:

> (1) An action may be brought in the circuit court of any county of this state whenever it appears that material fraud or error has been committed

at any election in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof.

(2) Such action shall be brought within 30 days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof. Such action shall be brought against the municipality wherein such fraud or error is alleged to have been committed.

(3) After such action is brought the procedure shall conform as near as may be to that provided by law for actions for quo warranto.

Count II of the complaint was a request for superintending control.

On July 27, 1989, defendant West Iron County Public School District filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (8). On August 7, 1989, defendant Iron County Board of Canvassers also moved for summary disposition pursuant to MCR 2.116(C)(1) and (4).

Plaintiff's application for special leave and defendants' motions for summary disposition were heard by the trial court on August 7, 1989. The court granted plaintiff special leave to proceed on the quo warranto action. However, the court then granted defendants summary disposition as to Count I of plaintiff's complaint on the ground that the quo warranto action was not filed within thirty days of the election as required by MCL 600.4545(2); MSA 27A.4545(2). The court also dismissed Count II of plaintiff's complaint seeking superintending control on the basis that error did not appear on the face of the returns filed by the board of canvassers. MCL 168.877; MSA 6.1877.

On September 8, 1989, plaintiff filed a motion

for reconsideration, which the trial court denied on September 13, 1989, ruling that the motion was not timely and presented no new issues.

It is from the trial court's dismissal of Count I that plaintiff now appeals as of right.

Plaintiff's sole argument on appeal is that the trial court erred in ruling that the term "election" means the day on which the ballots were cast and that, under MCL 600.4545(2); MSA 27A.4545(2), an action must be filed within thirty days of the date when the actual voting took place. The issue we are confronted with encompasses ascertaining the meaning of "election" within the context of this provision.

The trial court opined that the provision in question was not ambiguous and must be strictly construed. The court in part stated:

> I do not believe that MCL 600.4545 is ambiguous. I believe it is very clear that the action must be taken with—within 30 days after the election. All the cases that I have cited have referred to the election as being the day of the physical voting. It does not mean the day of certification by the canvassing board, and it does not mean the day of certification by a recount board.

This conclusion was premised upon the court's reliance on several Michigan cases in which the limitation period was measured from the date the ballots were cast. See *Finlayson v West Bloomfield Twp,* 320 Mich 350, 354-355; 31 NW2d 80 (1948); *Lake v North Branch Twp,* 314 Mich 140, 141-142; 22 NW2d 248 (1946); *Voorheis ex rel Bradburn v Nier,* 222 Mich 374, 375-376; 192 NW 719 (1923); *Anderson v Levin,* 218 Mich 225, 226; 187 NW 521 (1922); *Heidelmeyer v Village of Oakwood,* 222

Mich 331; 192 NW 565 (1923); *Youells v Morrish,* 218 Mich 194, 195; 187 NW 250 (1922).[1]

Our review indicates that in each of these cases the date upon which the ballots were cast was looked to as the date of the election. However, the cases did not specifically deal with construing the meaning of the term "election" and did not involve a recount or a delayed certification as did the instant case. Hence we believe that the trial court overstated the import of these decisions.

After thorough research, we have been unable to find a case from this jurisdiction defining what, or more appropriately, when an election is complete for purposes of determining when the limitation period commences under MCL 600.4545(2); MSA 27A.4545(2). We are therefore dealing with an issue of first impression involving statutory construction.

Where a statute is clear and unambiguous, judicial construction or interpretation is precluded. *Land v The George Schmidt Co,* 122 Mich App 167, 170; 333 NW2d 30 (1982), lv den 417 Mich 1083 (1983). However, if construction is warranted, this Court is obliged to determine and give effect to the intention of the Legislature and assign words their ordinary, normally accepted meaning. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989), lv den 433 Mich 860 (1989). When determining legislative intent, statutory language should be given a reasonable construction considering its purpose and the object sought to be accomplished. An act must be read in its entirety, giving due consideration to all sections so as to produce, if possible, a harmonious and consistent enactment of the whole. Finally, statutes are to be construed to avoid absurd or unrea-

[1] *Lake v North Branch Twp* was mistakenly referred to by the lower court as *Fulton v North Branch Twp.*

sonable consequences. *Michigan Humane Society v Natural Resources Comm,* 158 Mich App 393, 401; 404 NW2d 757 (1987).

In the case at bar, it appears at first glance that the provision at issue is clear and unambiguous. However, closer review reveals that the term "election" is capable of different interpretations. On the one hand, it can certainly be argued that the ordinary, normally accepted meaning of "election" is the physical act of voting. Alternatively, it can be maintained that the term "election" encompasses more than just the casting of ballots but also the entire process of counting, certification, et cetera. Under these circumstances, we find that sufficient ambiguity exists, necessitating our construction or interpretation.

We believe that, in enacting MCL 600.4545; MSA 27A.4545, the Legislature intended to provide (1) the public and designated officials an opportunity to challenge the validity of elections, and (2) a procedural mechanism for asserting such a challenge within a reasonable amount of time (thirty days). We feel that we must assign a meaning to the term "election" that would further and not hamper this objective.

Our Legislature has provided that a board of county canvassers shall determine and declare the results of an election for all county and local propositions. MCL 168.826; MSA 6.1826. Such boards must meet within five days following an election which is not a November general, August primary or presidential primary election. MCL 168.821; MSA 6.1821. The board then has fourteen days to conclude canvassing the votes. MCL 168.822(1); MSA 6.1822(1). If the board fails to certify the results within fourteen days, it must submit all necessary records and information to the state board of canvassers, which then has ten

days to certify the results. MCL 168.822(2); MSA 6.1822(2).

If all of the maximum times were utilized by the boards, then the results of an election would not be officially declared until twenty-nine days after the actual casting of ballots occurred. If an election is close or results in a tie, as in the instant case, then an individual may not have a basis for a challenge until after certification occurs. Thus, an individual would only have one day remaining in which to bring an action under MCL 600.4545; MSA 27A.4545 if the limitation period were construed as commencing on the date physical voting occurred.

Moreover, if a recount is requested, as in the case at bar, certification could possibly occur more than thirty days after the ballots were cast. See MCL 168.866; MSA 6.1866 and MCL 168.875; MSA 6.1875. Interpreting the term "election" as the date on which the citizenry votes would place an almost insurmountable burden upon an individual who wishes to challenge the validity of an election but cannot do so until certification occurs after a recount. We cannot believe that the Legislature intended such absurd results. Therefore, we feel that the term "election" within the context of MCL 600.4545(2); MSA 27A.4545(2) should be construed to mean the date the election is certified by the board of county canvassers. Such an interpretation would further the purpose of the statute to provide an opportunity and procedural mechanism for challenging the validity of elections. To define the term otherwise would essentially nullify the Legislature's objective or intent.

We find additional support for our construction of the term "election" in decisions from other jurisdictions. In *Grant v Ammerman,* 437 SW2d 547, 549 (Tex, 1969), the Texas Supreme Court

indicated that the canvassing of votes is an integral part of the election procedure and is necessary to the determination of election results. In a prior decision, the Texas court also ruled that an election of a district judge was not complete until the returns were canvassed by the Secretary of State. *Ex parte Sanders,* 147 Tex 248; 215 SW2d 325 (1948).

Furthermore, in *Green v Jones,* 144 W Va 276; 108 SE2d 1 (1959), the West Virginia Supreme Court of Appeals held that a member of a board of education was not elected until the election returns were canvassed and the results declared. Finally, in *Caldwell v Peterson,* 153 Neb 402; 45 NW2d 122 (1950), the Nebraska Supreme Court held that the canvass of votes and declaration thereof was a necessary part of the election process.

What can be gleaned from the cases above is that the canvassing and official certification are necessary components of an election and an election should not be deemed completed until these procedures are performed. Consequently, we believe that the term "election" in MCL 600.4545(2); MSA 27A.4545(2) should be interpreted as meaning the time at which election results are certified by the applicable board of canvassers. An individual may bring an action challenging an election within thirty days of the date election results are certified.

In light of the foregoing conclusion, we reverse that portion of the trial court's judgment granting defendants summary disposition as to Count I of plaintiff's complaint since plaintiff's action was filed (July 19, 1989) within thirty days of the date the election was certified (June 20, 1989).

Reversed and remanded for further proceedings consistent with this opinion.