AUTO-OWNERS INSURANCE COMPANY v STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY

Docket No. 127820. Submitted January 16, 1991, at Grand Rapids. Decided March 5, 1991, at 9:10 A.M.

Auto-Owners Insurance Company, the no-fault insurer of Douglas Spitzer, brought an action in the Berrien Circuit Court against State Farm Mutual Automobile Insurance Company and Sandra Paustian, its no-fault insured, seeking a declaration that State Farm was first in priority of liability for payment of personal protection insurance benefits to Paustian as a result of injuries incurred in an automobile accident in South Dakota while riding a motorcycle operated by Spitzer. The court, Casper O. Grathwohl, J., granted summary disposition for the plaintiff, concluding that the provision of the no-fault act, MCL 500.3111; MSA 24.13111, that personal protection insurance benefits are payable for bodily injury suffered in an accident occurring outside Michigan renders the no-fault insurer of the injured person first in priority of liability to pay benefits. The defendants appealed.

The Court of Appeals *held:*

The no-fault act, read in its entirety, clearly and unambiguously provides that whether a person injured in an accident occurring outside Michigan qualifies for payment of personal protection benefits is to be determined under the provisions of § 3111. If qualified, the priority of insurers liable to pay benefits is to be determined by § 3114, MCL 500.3114; MSA 24.13114. In this case, the trial court clearly erred in determining priority on the basis of § 3111.

Reversed and remanded for entry of summary disposition in favor of State Farm.

*Troff, Petzke & Ammeson* (by *Roger Alan Petzke*), for the plaintiff.

*Robinson & Swason* (by *David A. Swanson*), for the defendants.

Before: DOCTOROFF, P.J., and MAHER and CAVANAGH, JJ.

PER CURIAM. Defendants appeal as of right from a grant of summary disposition for plaintiff. Defendants argue that the trial court erroneously interpreted § 3111 of the no-fault act, MCL 500.3111; MSA 24.13111, and determined that defendant State Farm Mutual Automobile Insurance Company is responsible for payment of benefits to defendant Sandra Paustian. We agree and reverse.

Plaintiff and State Farm are insurance corporations licensed and conducting business in Berrien County, Michigan. On August 21, 1988, Paustian was insured by State Farm under a policy providing no-fault coverage for a 1979 Chevrolet. On August 21, 1988, Paustian was injured in a collision with an automobile while riding as a passenger on a motorcycle in South Dakota. The motorcycle was owned and operated by Douglas Spitzer, who was insured by plaintiff under a policy providing no-fault coverage for a 1977 Oldsmobile. On October 1, 1988, Paustian made application to plaintiff for no-fault benefits. Plaintiff paid in excess of $10,000 in no-fault benefits to Paustian.

On August 15, 1989, plaintiff filed a complaint seeking declaratory relief and indemnification. On February 22, 1990, plaintiff filed a motion for summary disposition, arguing that MCL 500.3111; MSA 24.13111 placed State Farm in the highest order of priority to pay no-fault benefits to Paustian. The motion was heard on March 5, 1990. An order granting the motion was entered on March 23, 1990.

State Farm argues that the trial court erred in finding that § 3111 set forth a priority provision for determining the liability of insurers for no-fault benefits payable for injuries suffered in out-of-state accidents. We agree.

Where the language of a statute is clear and unambiguous, judicial interpretation is precluded,

and this Court should not look beyond the ordinary meaning of that unambiguous language in giving effect to the statute. *Wills v Iron Co Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990). If construction is required, this Court is obliged to determine and give effect to the intention of the Legislature. *Id.* Statutory language should be given a reasonable construction, considering its purpose and the object sought to be accomplished. An act must be read in its entirety, giving due consideration to all sections to produce an harmonious and consistent enactment of the whole. *Id.* Statutes are to be construed to avoid absurd or unreasonable consequences. *Id.*

This case is similar to *Michigan Mutual Ins Co v Allstate Ins Co,* 426 Mich 346; 395 NW2d 192 (1986). There, the Michigan Supreme Court ruled on a priority question arising under § 3114, MCL 500.3114; MSA 24.13114. The Court rejected the argument that the list of persons eligible for personal injury protection benefits found in § 3114(1) established an order of priority of insurers. The Court stated that treating the order in which insurers are identified for coverage as also establishing an order of priority would render superfluous the provision establishing priorities. *Id.,* p 350.

It is clear that § 3111 provides that personal protection insurance benefits are payable for injuries suffered in accidents occurring outside Michigan to certain people. A person injured in an accident outside the State of Michigan must look to the provisions of § 3111 to determine whether he qualifies for personal injury protection benefits.

To determine the priority of insurers liable for those benefits, the claimant must look to § 3114, MCL 500.3114; MSA 24.13114. The trial court's interpretation of § 3111 renders § 3114 nugatory with regard to accidents that occur outside Michi-

gan. The trial court clearly erred in determining that § 3111 placed State Farm in the highest order of priority to pay no-fault benefits to Paustian and in granting plaintiff's motion for summary disposition.

Reversed and remanded for entry of summary disposition in favor of State Farm. Costs to appellants.